RUSSELL V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-047-CR

CHARLES NEWTON RUSSELL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Charles Newton Russell appeals his conviction for aggravated sexual assault of a child.  In one point, appellant complains that the evidence is factually insufficient to support his conviction.  We affirm. 

The following evidence was presented to the jury at guilt innocence:

After searching for his missing four-year-old daughter for twenty to thirty minutes, Chad Morrison found her walking towards him, stunned, with her coveralls on “backwards,” and he smelled some kind of lotion on her.  Her coveralls had been on properly before her disappearance.  When he asked his daughter where she had been, she said that she had been playing with a man and pointed to another apartment.  She told him that the man put lotion on her legs and pointed to her private area.  Because he wanted to be certain about what his daughter was telling him, Chad gave her a doll and asked her to use the doll to show him what the man did to her.  After his daughter pointed to the genital area on the doll, he called his wife at work and asked her to come home.

When Lisa Morrison, complainant’s mother, got home and inspected her daughter, she told Chad that nothing was “out of the ordinary.”  She did smell lotion on her daughter’s body, and she did not perform a detailed inspection of complainant’s genital area.
 

Chad then called the police, and when Officer Patricia Degraeve arrived, she immediately noticed that complainant’s coveralls were inside out.  Officer Degraeve questioned complainant privately, and after complainant showed her on a doll what appellant had done, Degraeve concluded that complainant had been vaginally penetrated by fingers or with an object.  Degraeve sent the family to Cook Children’s Hospital so that complainant could undergo a sexual assault examination.

Nurse Virginia Caldwell examined complainant at the hospital. Complainant told her that appellant found her walking, that they went back to appellant’s home, and that appellant gave her suckers.  Complainant said that while they were in appellant’s home, he took off her clothes, told her to take off her panties, rubbed lotion in her privates, and kissed her on the lips. Complainant further told Caldwell that appellant touched her with his hand and with his finger “down there . . . . inside the lips . . . . [and] between that crack.” 

Caldwell then performed a physical examination on complainant, and she came to a nonspecific finding.  She explained that there was some vaginal irritation present, but it could have been caused by sexual assault, infection, or not cleaning well.  She informed the jury that physical injury from sexual abuse is uncommon.  Caldwell also stated that complainant had mosquito or “chigger” bites on her panty-line, legs, and arms.    

Officer Robert Daniel Abbott interviewed appellant and searched his apartment.  Appellant told Officer Abbott that he always had candy around and that he often gave candy to children in the apartment complex.  Appellant admitted that he had given complainant candy and that she had been in his apartment.  Officers found a bottle of lotion and some suckers in his apartment. 

Complainant was four years old when appellant sexually assaulted her and six years old at the time of trial.  She told the jury that she had bug bites on her body and that she went to appellant’s apartment so he could put “medicine” on the bites while she sat on his bed.  Demonstrating with an anatomically correct doll, she showed the jury that appellant put the “medicine” on her genital area and buttocks with his hands.  Complainant then hurriedly put her clothes back on so she could play outside. 

Applying the appropriate standard of review to the evidence in this case,
(footnote: 2) we hold that the evidence is factually sufficient to support appellant’s guilt.
(footnote: 3)  
We decline to substitute our judgment for that of the jury on witness credibility or how much weight to give each witness’s testimony.
(footnote: 4)  Because 
the evidence is factually sufficient to support the jury’s verdict, we overrule appellant’s points. 

Accordingly, we affirm the trial court’s judgment.  

PER CURIAM

PANEL A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 9, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004); 
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003)
 (both setting out the factual sufficiency standard of review)
.

3:
See 
Tex. Penal Code Ann.
 § 22.021 (Vernon Supp. 2005) (providing the elements for aggravated sexual assault). 

4:
See Hanks v. State
, 137 S.W.3d 668, 671 (Tex. Crim. App. 2004); 
Cain v. State
, 958 S.W.2d 404, 407 n.5 (Tex. Crim. App. 1997) (both noting that the jury is sole trier of facts and judge of credibility).