COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-05-047-CR

 

CHARLES NEWTON RUSSELL                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Charles Newton Russell
appeals his conviction for aggravated sexual assault of a child.  In one point, appellant complains that the
evidence is factually insufficient to support his conviction.  We affirm. 

The following evidence was
presented to the jury at guilt innocence:








After searching for his
missing four-year-old daughter for twenty to thirty minutes, Chad Morrison
found her walking towards him, stunned, with her coveralls on Abackwards,@ and he
smelled some kind of lotion on her.  Her
coveralls had been on properly before her disappearance.  When he asked his daughter where she had
been, she said that she had been playing with a man and pointed to another
apartment.  She told him that the man put
lotion on her legs and pointed to her private area.  Because he wanted to be certain about what
his daughter was telling him, Chad gave her a doll and asked her to use the
doll to show him what the man did to her. 
After his daughter pointed to the genital area on the doll, he called
his wife at work and asked her to come home.

When Lisa Morrison,
complainant=s mother,
got home and inspected her daughter, she told Chad that nothing was Aout of the ordinary.@  She did smell lotion on her
daughter=s body, and she did not perform a detailed inspection of complainant=s genital area. 

Chad then called the police,
and when Officer Patricia Degraeve arrived, she immediately noticed that
complainant=s coveralls
were inside out.  Officer Degraeve
questioned complainant privately, and after complainant showed her on a doll
what appellant had done, Degraeve concluded that complainant had been vaginally
penetrated by fingers or with an object. 
Degraeve sent the family to Cook Children=s Hospital so that complainant could undergo a sexual assault
examination.








Nurse Virginia Caldwell
examined complainant at the hospital. Complainant told her that appellant found
her walking, that they went back to appellant=s home, and that appellant gave her suckers.  Complainant said that while they were in
appellant=s home, he
took off her clothes, told her to take off her panties, rubbed lotion in her
privates, and kissed her on the lips. Complainant further told Caldwell that
appellant touched her with his hand and with his finger Adown there . . . . inside the lips . . . . [and] between that crack.@ 

Caldwell then performed a
physical examination on complainant, and she came to a nonspecific
finding.  She explained that there was
some vaginal irritation present, but it could have been caused by sexual
assault, infection, or not cleaning well. 
She informed the jury that physical injury from sexual abuse is
uncommon.  Caldwell also stated that
complainant had mosquito or Achigger@ bites on
her panty-line, legs, and arms.       

Officer Robert Daniel Abbott
interviewed appellant and searched his apartment.  Appellant told Officer Abbott that he always
had candy around and that he often gave candy to children in the apartment
complex.  Appellant admitted that he had
given complainant candy and that she had been in his apartment.  Officers found a bottle of lotion and some
suckers in his apartment. 








Complainant was four years
old when appellant sexually assaulted her and six years old at the time of
trial.  She told the jury that she had
bug bites on her body and that she went to appellant=s apartment so he could put Amedicine@ on the
bites while she sat on his bed. 
Demonstrating with an anatomically correct doll, she showed the jury
that appellant put the Amedicine@ on her genital area and buttocks with his hands.  Complainant then hurriedly put her clothes
back on so she could play outside. 

Applying the appropriate
standard of review to the evidence in this case,[2]
we hold that the evidence is factually sufficient to support appellant=s guilt.[3]  We decline to substitute our judgment for
that of the jury on witness credibility or how much weight to give each witness=s testimony.[4]  Because the evidence is factually sufficient
to support the jury=s verdict,
we overrule appellant=s points. 

Accordingly, we affirm the
trial court=s
judgment.  

 

PER CURIAM

PANEL A:   CAYCE,
C.J.; LIVINGSTON and HOLMAN, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 








DELIVERED:  February 9, 2006

 

 











[1]See Tex. R. App. P. 47.4.





[2]See Zuniga
v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004); Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003) (both setting out the factual
sufficiency standard of review).





[3]See Tex. Penal Code Ann. '
22.021 (Vernon Supp. 2005) (providing the elements for aggravated sexual
assault). 





[4]See
Hanks v. State, 137 S.W.3d 668, 671 (Tex. Crim. App. 2004); Cain
v. State, 958 S.W.2d 404, 407 n.5 (Tex. Crim. App. 1997) (both noting that
the jury is sole trier of facts and judge of credibility).