COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




DANIEL BURMEISTER


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00218-CR
 


Appeal from the


County Court at Law No. 7


of El Paso County, Texas 


(TC# 20040C14389) 



O P I N I O N


 Daniel Burmeister appeals his conviction for driving while intoxicated. He was
convicted by a jury and sentenced to 180 days in jail, probated for 18 months, and ordered to pay
$1,000 in fines, in which $250 was probated. Appellant raises three issues on appeal. In Issues
One and Two, he challenges the legal and factual sufficiency of the evidence supporting his
conviction. In Issue Three, he contends the prosecutor's use of "impairment" in place of
"intoxication" during voir dire was harmful error. We affirm.

 On October 1, 2004, El Paso Police Department Officer Roger Lozano was monitoring
pedestrian traffic returning to El Paso over the Paso Del Norte bridge from Juarez, Mexico. At
1:50 a.m., Officer Lozano noticed a car enter the parking lot where he was posted. The car was
moving, "at a good rate of speed," especially considering the heavy pedestrian traffic in the area. 
As it approached, Officer Lozano used a flashlight to signal the driver. The driver ignored the
officer's signal and he made a sudden left turn, missing the officer by ten to fifteen feet. There
was no exit where the car was headed, and the officer waited for it to return and he signaled the
driver to stop.

 The officer walked up to the car and asked Appellant, the driver, "Hey, what's your
problem? Didn't you see me?" Appellant did not respond initially. According to Officer
Lozano, Appellant seemed confused. The officer asked for Appellant's driver's license. As
Appellant searched for identification, the officer detected the smell of alcohol coming from
inside the car. He then asked Appellant to step out of the vehicle. Appellant did so, but he
moved slowly and had used the car for support. Officer Lozano called the El Paso DWI task
force to perform field sobriety testing.

 Officer David Perea, of the El Paso Police Department DWI Task force, arrived a short
time later. It was then about 2 a.m. Officer Perea noticed that Appellant was wearing
sunglasses. Officer Perea asked Appellant about the glasses, and Appellant explained that they
were prescription. As the officer spoke with Appellant, he noticed a strong smell of alcohol on
the man's breath. Officer Perea asked Appellant to take off his sunglasses, and testified that
Appellant's eyes were bloodshot. The officer also described Appellant's speech as slurred and 
that he was unsteady on his feet.

 Officer Perea administered three field sobriety tests: the horizontal gaze nystagmus
(HGN) test; the walk and turn test; and the one-leg stand test. According to the officer, 
Appellant exhibited four of the possible six indicators of intoxication during the HGN test. 
During the walk and turn test, Officer Perea stated that Appellant could not maintain his balance
as he listened to the officer's instructions, and was not able to touch his heal to his toe while
walking. Out of eight possible clues, Officer Perea observed four. On the one-leg stand test,
Appellant was not able to balance without using his arms. He also hopped and put his foot down
four times during the test. Officer Perea recorded the Appellant exhibited three of the four
possible clues during the one-leg stand. Based on Appellant's performance on the sobriety tests,
Officer Perea concluded that he was intoxicated and placed him under arrest.

 El Paso Police Officer Carlos Lopez also responded to Officer Lozano's call for
assistance. Officer Lopez arrived and began to inventory the contents of Appellant's car
following his arrest. When Officer Lopez entered the vehicle to begin the inventory, he smelled
a strong odor, which through his experience and training, he recognized to be burned marijuana. 
He found the ends of several cigarettes in the vehicle's ashtray. El Paso Police Department
Forensic Chemist Arturo Herrera later tested the substance in the cigarettes and determined the
cigarette butts contained 1.39 grams, or .05 ounces of marijuana. According to Officer Herrera,
.05 ounces is a "useable"amount of marijuana.

 Appellant was convicted by a jury of driving while intoxicated. (1) See Tex.Pen.Code
Ann. § 49.04 (Vernon 2003). He was sentenced to 180 days in jail, probated for 18 months, and
ordered to pay $1,000 in fines, in which $250 was probated. Appellant raises three issues for
review. In Issues One and Two, Appellant challenges the legal and factual sufficiency of the
evidence in support of his conviction. In Issue Three, Appellant contends the prosecution's
improper argument during jury selection violated his Constitutional rights. For the reasons that
follow, we affirm the conviction.

 In Issues One and Two, Appellant contends that the evidence is legally and factually
insufficient to support his conviction due to a lack of evidence supporting the legality of
Officer's Lozano's investigative stop. In essence, this argument is a challenge to the legal and
factual sufficiency of the evidence in support of the jury's implied finding, submitted under
Article 38.23(a) of the Texas Code of Criminal Procedure, that Officer Lozano had reasonable
suspicion to stop and detain Appellant. (2)

 A factual sufficiency review is only appropriate to address the sufficiency of the State's
proof of the elements of the charged offense. Hanks v. State, 137 S.W.3d 668, 672
(Tex.Crim.App. 2004). Resolution of a fact issue pursuant to an Article 38.23 instruction is
question of what evidence the jury will consider in determining guilt, it does not address the
factual sufficiency of the evidence in support of the essential elements of the charged offense. 
See Hanks, 137 S.W.3d at 671. In other words, a factual sufficiency review is only appropriate
regarding the State's proof of the elements of the offense, not the jury's implied finding of facts
supporting reasonable suspicion. Id. at 672. Similarly, because a legal sufficiency review is also 
limited to the essential elements of the offense, the 38.23 instruction cannot be used to measure
the legal sufficiency of the evidence. See Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 
1997).

 For a conviction of driving while intoxicated, the prosecution must prove beyond a
reasonable doubt that the defendant was intoxicated while driving a motor vehicle in a public
place. Tex.Pen.Code Ann. § 49.04. The presence or absence of reasonable suspicion is not an
element of the offense charged in this case. See id.; Hanks, 137 S.W.3d at 671, quoting Caddell
v. State, 123 S.W.3d 722 (Tex.App.--Houston [14th Dist.] pet. ref'd)(whether or not evidence
was illegally obtained is not an element of the offense, and therefore not subject to a sufficiency
review). Because Appellant's arguments do not address the evidence supporting the elements of
the offense as defined in the Texas Penal Code, there is no need to further address Appellant's
challenges to the sufficiency of the evidence in Issues One and Two. Therefore, Issues One and
Two are overruled.

 In Issue Three, Appellant argues that his conviction should be reversed due to the
prosecution's repeated misstatement of the law during jury selection. He asserts that his right to
a fair trial was violated by the prosecutor's repeated use of the word "impairment" in place of, or
to define the term, "intoxication." Appellant continues by asserting that by replacing 
"intoxication" with "impairment" the prosecution was establishing a lower standard of proof in
the case.

 Generally, the prosecutor's statements during voir dire will not constitute error unless
they are contrary to the court's charge. See Wilder v. State, 111 S.W.3d 249, 253 (Tex.App.--Texarkana 2003, pet. ref'd). It is also important to note that absent evidence to rebut the
presumption, the reviewing court must presume the jury followed the trial court's instructions
and admonishments. See Thrift v. State, 176 S.W.3d 221, 224 (Tex.Crim.App. 2005).

 During voir dire examination, the prosecutor used the word "impairment" in place of, or
to define and explain "intoxication" as it is defined in the penal code. See Tex.Pen.Code Ann.
§ 49.01(2). Defense counsel objected to the use of the word "impairment" as a misstatement of
the law numerous times, and several of those objections were sustained by the trial court. The
trial court also admonished the panel regarding the prosecutor's use of "impairment" on two
occasions. Early in the prosecutor's questioning, the court admonished the panel that:

 [A]nything the lawyers say at this time as to what is the law or is not the law is
merely them expressing their opinion. The law that you're going to get in this
case, if you're selected as a juror, is the law that I will give you when I read the
charge to you, the Court's instructions in the charge.


When the prosecutor continued to use "impairment" to define intoxication, the trial court asked
him to refrain from using the term. When the prosecutor still continued to use the term, the trial
court instructed the panel again.

 Members of the panel, it may or may not be a correct statement of law. 
Whatever the lawyers are saying at this time is their version of it, and you should
not take it as an accurate statement of the law.


 While the Texas Penal Code does not use the word "impairment" in the definition of
"intoxicated," we do not agree the prosecutor's statements in this case were error as they were
not contrary to the court's charge. The court's charge in this case explained that a person is
"intoxicated" when that person does not have the normal use of his physical or mental faculties
by reason of the introduction of alcohol. Stating that a person in such a state is "impaired" is not
contrary to the charge, and is supported by the Texas Penal Code and Texas case law. See
Tex.Pen.Code Ann. § 49.01(2)(A); see also Lewis v. State, 191 S.W.3d 335, 341 (Tex.App.--Waco 2006, pet. ref'd)(describing Appellant's performance on field sobriety test as "indication of
impairment").

 Assuming, for the sake of argument, that the prosecutor's statement was contrary to the
charge, the court's admonishments and instructions prevented the error from harming the
defendant by instructing the panel that they were only to consider the law as provided by the
court. See Thrift, 176 S.W.3d at 224. Appellant has not presented any evidence to indicate that
the jury failed to follow the court's instructions regarding the prosecutor's statements, and
Appellant does not assert that the definition of "intoxicated" provided in the court's charge was
incorrect. Issue Three is overruled.

 Having overruled all of Appellant's issues, we affirm the conviction.


January 31, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. Appellant was also convicted of possession of marijuana, less than two ounces. See 
Tex.Health & Safety Code Ann. § 481.121 (Vernon 2003). He has appealed that conviction
in a companion to this case. See Burmeister v. State, 08-06-00215-CR (Tex.App.--El Paso Jan.
31, 2008, no pet. h.).
2. The court's charge included the following Article 38.23 instruction:


 You are instructed that under our law no evidence obtained or derived by
an officer or other person as a result of an unlawful stop and detention shall be
admissible in evidence against such accused. An officer is permitted to make a
temporary investigative detention of a motorist if the officer has specific
articulable facts, which taken together with rational inferences from those facts,
lead them to conclude that a person detained actually is, has been,or soon will be
engaged in criminal activity.

 Now, bearing in mind, if you find from the evidence that on the occasion
in question the officer did not have a reasonable suspicion of criminal activity
immediately preceding his stop and detention by the officer herein or you have a
reasonable doubt thereof, then such stopping of the accused would be illegal. 
Furthermore, if you find the facts to be so, or if you have a reasonable doubt
thereof, you will disregard the testimony of the officer relative to his stopping of
the Defendant and his conclusion drawn as a result thereof and you will not
consider such evidence for any purpose whatsoever and you must therefore acquit
the Defendant, and find him not guilty on both cases.


See Tex.Code Crim.Proc.Ann. art. 38.23(a)(Vernon 2005).