

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-168-CR

DARWIN ANTHONY KING                                    APPELLANT
A/K/A DARWIN A. KING

V.

THE STATE OF TEXAS                                          STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Darwin Anthony King a/k/a Darwin A. King of

possession of a controlled substance in an amount less than one gram, and the

trial court sentenced him to ten years' confinement. In a single point, King

argues that the jury erred by finding that the police had reasonable suspicion to

---

[1] See Tex. R. App. P. 47.4.

stop King for questioning regarding their investigation of an unauthorized use of a motor vehicle case.  We will affirm.

On September 21, 2006, Officers Gilbert and Holman were patrolling an area of East Fort Worth when they saw a green truck that had been reported stolen.  They activated their overhead lights and pursued the truck, which pulled into the driveway of a residence and onto the front yard.  The driver fled into the neighborhood upon exiting the truck.

Officer Gilbert observed that the individual was a black male who "was approximately 5'7" to 5'10" [tall], not too big of a guy, maybe 170 pounds. I noticed a white top and some kind of dark shorts."  Officer Holman got a "quick" look at the individual, observing that he was a black male, about 5'7" or 5'8" tall, not "extremely tall or extremely short," and wearing a white shirt and dark shorts.  Officer Holman chased the fleeing individual but lost him. Officer Holman scratched his arms in the process of scaling several chain-link fences during the pursuit, and he opined that the fleeing individual, who officers later discovered might be DeWayne Williams, may have scratches on his arms or torn clothes too.

Having obtained information from the passenger of the green truck about Williams, Officers Gilbert and Holman visited a residence and learned that

2

Williams often hung out at a nearby convenience store. The officers visited the convenience store but did not find Williams there.

As it was close to 10:00 p.m. and the end of their shift, the officers decided to return to the police station. While driving, they observed a man a block or two from the convenience store walking alone down the street who resembled the description of the individual who had evaded them earlier; the black man was about 5'7" tall, weighed about 170 pounds, and was wearing a white shirt and dark shorts. Without their overhead lights or siren on, the officers passed him once, made a U-turn, passed him again, made another U-turn, and stopped about fifteen to twenty feet from him in order to detain him briefly to determine if he was the same person they had chased earlier. When Officer Holman opened his door, the man, identified at trial as King, stopped, turned in the other direction, and ran. After a brief search, officers located King lying down in a briar patch in a vacant lot. Officers handcuffed King and found a heroine capsule in his ear and a handgun that King had discarded in another location at the beginning of the chase. Officer Gilbert testified at trial that although King was ultimately not the same person whom he and Officer Holman had pursued earlier in connection with the stolen green truck, he thought—factoring everything in his knowledge at the time regarding the truck case—that King was a possible suspect in the stolen truck matter.

3

After all of the evidence had been presented, the trial court denied King's motion to suppress, which it had carried with the trial at King's request. The jury charge, however, instructed the jury that it was to disregard the evidence found if it determined that Officers Gilbert and Holman did not have a reasonable suspicion that King was or had been engaged in criminal activity, namely unauthorized use of a motor vehicle. The instruction reads as follows:

> You are instructed that no evidence obtained by an officer in violation of any provisions of the Constitution or laws of the State of Texas, or the Constitution or laws of the United States of America, shall be admitted in evidence against the accused in the trial of any criminal case. A person is arrested when he has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant. The reason for a person's arrest does not have to be the same as the reasonable suspicion that justified their initial detention by the police.

> You are instructed that the investigative detention of a person by the police must be justified at its inception by reasonable suspicion. "Reasonable suspicion" exists when, based on the totality of the circumstances, the officer has specific, articulable facts that when combined with rational inferences arising from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity.

> Now bearing in mind these instructions, if you find from the evidence beyond a reasonable doubt that on the occasion in question either Lt. Frederick Gilbert or Sgt. Jeffery Holman had a reasonable suspicion that Darwin Anthony King was or had been engaged in criminal activity to wit: unauthorized use of a motor vehicle or theft of a vehicle, then such detention would be legal and you will continue your deliberations.

4

If you do not so find or if you have a reasonable doubt thereof, then such detention would be illegal and in that event the jury will disregard the evidence found and you will not consider such evidence for any purpose whatsoever and you will return a verdict of not guilty.

In his sole point, King challenges the jury's implied finding of reasonable suspicion to support his detention under the article 38.23[2] jury charge, arguing that "[t]he jury erred in finding that the police had reasonable suspicion to stop [him] for questioning regarding an unauthorized use of a motor vehicle case." The State argues that the jury's implied finding was proper because no Fourth Amendment violation occurred, but it initially contends that we should dispose of King's argument without conducting a reasonable suspicion analysis because he is contesting the sufficiency of the evidence supporting the jury's implied finding under article 38.23(a) that the officers had reasonable suspicion to detain him, which is an argument the validity of which the court of criminal appeals has specifically rejected. We agree with the State.

An article 38.23(a) instruction should be included in the charge only "if there is a factual dispute as to how the evidence was obtained." *Hanks v. State*, 137 S.W.3d 668, 671 (Tex. Crim. App. 2004). A factual sufficiency review is only appropriate to address the sufficiency of the State's proof of the

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (Vernon 2005).

elements of the charged offense. *Id*. at 672. Such a review is not appropriate as to the admissibility of evidence when such a question is submitted to the jury pursuant to article 38.23(a); resolution by the fact-finder of an article 38.23(a) fact issue affects only the jury's consideration of evidence in determining guilt. *See id*.; *Verhagen v. State*, No. 05-05-00078-CR, 2006 WL 349499, at *2 (Tex. App.—Dallas Feb. 16, 2006, pet. ref'd) (not designated for publication). Thus, a factual sufficiency review is only appropriate regarding the State's proof of the elements of the offense, not the jury's implied finding of facts supporting reasonable suspicion. *Burmeister v. State*, No. 08-06-00218-CR, 2008 WL 274824, at *2 (Tex. App.—El Paso Jan. 31, 2008, no pet.) (not designated for publication)*; see also Hanks*, 137 S.W.3d at 672. Moreover, the jury instruction concerning the legality of a detention should not be used to measure the legal sufficiency of the evidence. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

Here, King is contesting the sufficiency of the evidence to support the jury's implied finding that Officers Gilbert and Holman had reasonable suspicion to detain him in order to investigate his involvement or noninvolvement in the unauthorized use of a motor vehicle matter. Indeed, he argues that "[t]he jury got it wrong and this court should correct their error." The implied finding that King contests is derived from the trial court's submission of the article 38.23(a)

6

instruction regarding the admissibility of the evidence. But the presence or absence of reasonable suspicion is not an element of possession of a controlled substance of less than one gram, the offense that King was charged with and convicted of. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(2) (Vernon Supp. 2007), § 481.115(b) (Vernon 2003); *Burmeister*, 2008 WL 274824, at *2. King does not challenge the trial court's ruling denying his motion to suppress. Consequently, because King challenges the sufficiency of the jury's implied finding of facts supporting reasonable suspicion and not an element of the offense of which he was convicted, we decline to inquire into the sufficiency of the jury's implied finding and overrule his sole point. Accordingly, we affirm the trial court's judgment.

PER CURIAM

PANEL F: HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: June 5, 2008