COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-168-CR

 

 

DARWIN ANTHONY KING                                                     APPELLANT

A/K/A
DARWIN A. KING

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








A jury convicted Appellant
Darwin Anthony King a/k/a Darwin A. King of possession of a controlled
substance in an amount less than one gram, and the trial court sentenced him to
ten years=
confinement.  In a single point, King
argues that the jury erred by finding that the police had reasonable suspicion
to stop King for questioning regarding their investigation of an unauthorized
use of a motor vehicle case.  We will
affirm.

On September 21, 2006,
Officers Gilbert and Holman were patrolling an area of East Fort Worth when
they saw a green truck that had been reported stolen.  They activated their overhead lights and
pursued the truck, which pulled into the driveway of a residence and onto the
front yard.  The driver fled into the
neighborhood upon exiting the truck.

Officer Gilbert observed that
the individual was a black male who Awas approximately 5'7" to 5'10" [tall], not too big of a
guy, maybe 170 pounds.  I noticed a white
top and some kind of dark shorts.@  Officer Holman got a Aquick@ look at the
individual, observing that he was a black male, about 5'7" or 5'8"
tall, not Aextremely
tall or extremely short,@ and wearing
a white shirt and dark shorts.  Officer Holman
chased the fleeing individual but lost him. Officer Holman scratched his arms
in the process of scaling several chain-link fences during the pursuit, and he
opined that the fleeing individual, who officers later discovered might be
DeWayne Williams, may have scratches on his arms or torn clothes too.








Having obtained information
from the passenger of the green truck about Williams, Officers Gilbert and
Holman visited a residence and learned that Williams often hung out at a nearby
convenience store.  The officers visited
the convenience store but did not find Williams there.

As it was close to 10:00 p.m.
and the end of their shift, the officers decided to return to the police
station.  While driving, they observed a
man a block or two from the convenience store walking alone down the street who
resembled the description of the individual who had evaded them earlier; the
black man was about 5'7" tall, weighed about 170 pounds, and was wearing a
white shirt and dark shorts.  Without
their overhead lights or siren on, the officers passed him once, made a U-turn,
passed him again, made another U-turn, and stopped about fifteen to twenty feet
from him in order to detain him briefly to determine if he was the same person
they had chased earlier.  When Officer
Holman opened his door, the man, identified at trial as King, stopped, turned
in the other direction, and ran.  After a
brief search, officers located King lying down in a briar patch in a vacant
lot.  Officers handcuffed King and found
a heroine capsule in his ear and a handgun that King had discarded in another
location at the beginning of the chase. 
Officer Gilbert testified at trial that although King was ultimately not
the same person whom he and Officer Holman had pursued earlier in connection
with the stolen green truck, he thoughtCfactoring everything in his knowledge at the time regarding the truck
caseCthat King was a possible suspect in the stolen truck matter.








After all of the evidence had
been presented, the trial court denied King=s motion to suppress, which it had carried with the trial at King=s request.  The jury charge,
however, instructed the jury that it was to disregard the evidence found if it
determined that Officers Gilbert and Holman did not have a reasonable suspicion
that King was or had been engaged in criminal activity, namely unauthorized use
of a motor vehicle.  The instruction
reads as follows:

You are instructed that no evidence obtained by
an officer in violation of any provisions of the Constitution or laws of the
State of Texas, or the Constitution or laws of the United States of America,
shall be admitted in evidence against the accused in the trial of any criminal
case.  A person is arrested when he has
been actually placed under restraint or taken into custody by an officer or
person executing a warrant of arrest, or by an officer or person arresting
without a warrant.  The reason for a
person=s
arrest does not have to be the same as the reasonable suspicion that justified
their initial detention by the police.

 

You are instructed that the investigative detention
of a person by the police must be justified at its inception by reasonable
suspicion.  AReasonable
suspicion@
exists when, based on the totality of the circumstances, the officer has
specific, articulable facts that when combined with rational inferences arising
from those facts, would lead him to reasonably conclude that a particular
person is, has been, or soon will be engaged in criminal activity.

 

Now bearing in mind these instructions, if you
find from the evidence beyond a reasonable doubt that on the occasion in
question either Lt. Frederick Gilbert or Sgt. Jeffery Holman had a reasonable
suspicion that Darwin Anthony King was or had been engaged in criminal activity
to wit: unauthorized use of a motor vehicle or theft of a vehicle, then such
detention would be legal and you will continue your deliberations.

 








If
you do not so find or if you have a reasonable doubt thereof, then such
detention would be illegal and in that event the jury will disregard the
evidence found and you will not consider such evidence for any purpose
whatsoever and you will return a verdict of not guilty.

 

In his sole point, King
challenges the jury=s implied
finding of reasonable suspicion to support his detention under the article
38.23[2]
jury charge, arguing that A[t]he jury erred in finding that the police had reasonable suspicion
to stop [him] for questioning regarding an unauthorized use of a motor vehicle
case.@  The State argues that the jury=s implied finding was proper because no Fourth Amendment violation
occurred, but it initially contends that we should dispose of King=s argument without conducting a reasonable suspicion analysis because
he is contesting the sufficiency of the evidence supporting the jury=s implied finding under article 38.23(a) that the officers had
reasonable suspicion to detain him, which is an argument the validity of which
the court of criminal appeals has specifically rejected.  We agree with the State.








An article 38.23(a)
instruction should be included in the charge only Aif there is a factual dispute as to how the evidence was obtained.@  Hanks v. State, 137
S.W.3d 668, 671 (Tex. Crim. App. 2004). 
A factual sufficiency review is only appropriate to address the
sufficiency of the State=s proof of
the elements of the charged offense.  Id.
at 672.  Such a review is not appropriate
as to the admissibility of evidence when such a question is submitted to the
jury pursuant to article 38.23(a); resolution by the fact-finder of an article
38.23(a) fact issue affects only the jury=s consideration of evidence in determining guilt.  See id.; Verhagen v. State, No.
05-05-00078-CR, 2006 WL 349499, at *2 (Tex. App.CDallas Feb. 16, 2006, pet. ref=d) (not designated for publication). 
Thus, a factual sufficiency review is only appropriate regarding the
State=s proof of the elements of the offense, not the jury=s implied finding of facts supporting reasonable suspicion.  Burmeister v. State, No.
08-06-00218-CR, 2008 WL 274824, at *2 (Tex. App.CEl Paso Jan. 31, 2008, no pet.) (not designated for publication);
see also Hanks, 137 S.W.3d at 672. 
Moreover, the jury instruction concerning the legality of a detention
should not be used to measure the legal sufficiency of the evidence.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997).








Here, King is contesting the
sufficiency of the evidence to support the jury=s implied finding that Officers Gilbert and Holman had reasonable
suspicion to detain him in order to investigate his involvement or
noninvolvement in the unauthorized use of a motor vehicle matter.  Indeed, he argues that A[t]he jury got it wrong and this court should correct their error.@  The implied finding that King
contests is derived from the trial court=s submission of the article 38.23(a) instruction regarding the
admissibility of the evidence.  But the
presence or absence of reasonable suspicion is not an element of possession of
a controlled substance of less than one gram, the offense that King was charged
with and convicted of.  See Tex. Health & Safety Code Ann.' 481.102(2) (Vernon Supp. 2007), ' 481.115(b) (Vernon 2003); Burmeister, 2008 WL 274824, at
*2.  King does not challenge the trial
court=s ruling denying his motion to suppress.  Consequently, because King challenges the
sufficiency of the jury=s implied
finding of facts supporting reasonable suspicion and not an element of the
offense of which he was convicted, we decline to inquire into the sufficiency of
the jury=s implied finding and overrule his sole point.  Accordingly, we affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL F: 
HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT
PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: June 5, 2008











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Code Crim. Proc. Ann. art.
38.23 (Vernon 2005).