

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00021-CR

**DAVID DUANE DUNIGAN,**

                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                    **Appellee**

From the 40th District Court
Ellis County, Texas
Trial Court No. 32765CR

## O P I N I O N

David Duane Dunigan filed his notice of appeal ninety-eight days after the court imposed sentence.[1] Therefore, even though Dunigan timely filed a motion for new trial, the notice of appeal is untimely. *See* TEX. R. APP. P. 26.2(a)(2). Because Dunigan's notice of appeal is untimely and because he has not shown grounds for continuing the appeal, we will dismiss the appeal for want of jurisdiction.

---

[1] The trial court imposed sentence on September 11, 2008. Dunigan filed his notice of appeal on December 18, 2008.

The Clerk of this Court notified Dunigan that the appeal may be dismissed for want of jurisdiction if he did not file a response showing grounds for continuing the appeal.  *Id.* 44.3.  Dunigan responded by filing a motion asking this Court to maintain the appeal on the Court's docket or, in the alternative, to grant an extension of time to file the notice of appeal.  We address the latter request first.

Any extension motion must be filed within fifteen days after the deadline for filing the notice of appeal.  *Id.* 26.3.  Because Dunigan's motion was filed more than two months after the notice of appeal was due, the motion is denied insofar as it seeks an extension of time to file the notice of appeal.  *See Thompson v. State*, No. 02-05-00367-CR, 2005 Tex. App. LEXIS 9211, at *2 (Tex. App.—Fort Worth Nov. 3, 2005, no pet.) (mem. op.); *see also Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (interpreting former Rule of Appellate Procedure 41(b)(2)).

Dunigan also cites Rule 44.3 and asks the Court to maintain the appeal on the docket because he has a meritorious ground for appeal and because counsel inadvertently miscalculated the deadline for the notice of appeal.  Rule 44.3 provides, "A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities."  *Id.* 44.3.  However, Rule 44.3 may not be used to enlarge the deadline for perfecting an appeal in a criminal case.  *See Olivo*, 918 S.W.2d at 523 (interpreting former Rule of Appellate Procedure 83).

Both Dunigan's notice of appeal and his motion for an extension of time to file the notice of appeal are untimely.  Accordingly, the appeal is dismissed for want of

jurisdiction. *See Olivo*, 918 S.W.2d at 522-23; *Thompson*, 2005 Tex. App. LEXIS 9211, at

*2-3.

 

                                        FELIPE REYNA
                                        Justice

Before Chief Justice Gray,
       Justice Reyna, and
       Justice Davis
Appeal dismissed
Opinion delivered and filed March 25, 2009
Publish
[CR25]