IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00043-CR

 

David Duane Dunigan,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 32765CR

 



ABATEMENT ORDER










 

            David Duane Dunigan was convicted of evading
arrest with a vehicle and sentenced to 20 years in prison.  See Tex. Penal Code Ann. § 38.04 (Vernon Supp.
2009).  Trial counsel for Dunigan failed to timely file a notice of appeal, and
the appeal was dismissed.  Dunigan v. State, 293 S.W.3d 223 (Tex. App.—Waco 2009, no pet.).  Pursuant to a writ of habeas corpus, the Court of Criminal
Appeals allowed Dunigan an out-of-time appeal.  Ex parte Dunigan, No.
AP-76,271, 2010 Tex. Crim. App. Unpub. LEXIS 24 (Tex. Crim. App. Jan. 13, 2010).  Thereafter, Dunigan filed a timely notice of appeal, and the trial court
appointed new counsel on appeal for Dunigan.  

          Upon receiving a supplemental clerk’s
record, this Court discovered a letter in the clerk’s record from Dunigan to
his newly appointed attorney asking him to withdraw and informing him that
Dunigan wished to represent himself in his appeal.  Also in the supplemental
clerk’s record is a “Motion for Self Representation” filed with the trial
court.  

            Accordingly, this appeal is abated to
the trial court to hold a hearing within 30 days from the date of this
order to consider and determine in writing and on the record:  1) whether to
remove counsel or allow counsel to withdraw; 2) whether to retain the current
appointed counsel or appoint new counsel for Dunigan; 3) whether Dunigan wishes
to waive his right to counsel; and 4) whether Dunigan may represent himself on
appeal, if he so wishes.  If Dunigan wishes to waive his right to counsel and
represent himself on appeal, the waiver should be made knowingly and
intelligently, and he should be warned of the dangers and disadvantages
accompanying such waiver.  Faretta v. California, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541, 45 L. Ed. 2d 562 (1975); Hatten v. State, 71 S.W.3d 332,
333 (Tex. Crim. App. 2002).  A waiver of the right to counsel must be in
writing and must substantially comply with article 1.051(g) of the Code of
Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 1.051(g) (Vernon Supp. 2009).  

            Supplemental Clerk’s and Reporter’s
Records containing the trial court’s written and oral findings and rulings are
ordered to be filed within 45 days from the date of this order.

 

 

                                                                  
PER CURIAM

 

Before
Chief Justice Gray,

       
    Justice Reyna, and

            Justice
Davis

Appeal
abated

Order
issued and filed April 21, 2010

Do
not publish






 the
State’s version of events.  See Parker v. State, 119 S.W.3d 350, 355
(Tex. App.—Waco 2003, pet. ref’d).  We must defer to the jury in its resolution
of alternative theories of the case.  Vasquez, 67 S.W.3d at 236.  Thus,
we cannot conclude that the State’s evidence is too weak to support a guilty
verdict nor is the appellant’s contravening evidence so strong as to preclude
the beyond-a-reasonable-doubt standard from being met.  See Zuniga, 144
S.W.3d at 484-85.

With regard to the State’s use of prior
convictions as evidence in the crime charged and in the sentencing as an
habitual offender, this is not an issue which can be addressed in a factual
sufficiency review.  See Hanks v. State, 137 S.W.3d 668, 671 (Tex. Crim. App. 2004).  A factual sufficiency review is appropriate only as to the
sufficiency of the State’s evidence for each element of the crime charged, but
not as to the admissibility of such evidence.  Id.

          Accordingly, we overrule Mosley’s sole
issue of factual insufficiency of the evidence and affirm the judgment.

 

 

 

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed October 11, 2006

Do not publish

[CRPM]