**Opinion issued January 16, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00524-CR

———————————

**ARMANDO FLORES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 339th District Court
Harris County, Texas
Trial Court Case No. 1320184

## MEMORANDUM OPINION

A grand jury indicted Armando Flores for possession of cocaine, weighing less than one gram by aggregate weight, with two enhancements based on Flores's prior felony convictions. After hearing the evidence, a jury found him guilty and assessed a sentence of twenty years' imprisonment. On appeal, Flores contends

that: (1) trial counsel rendered ineffective assistance by failing to file a written motion to suppress the evidence of crack cocaine and object to its admission when proffered by the State; and (2) the trial court abused its discretion in denying Flores's request for an instruction pursuant to article 38.23 of the Texas Rules of Criminal Procedure. Finding no error, we affirm.

## Background

In September 2011, Officer Ledesma, a nine-year veteran of the Houston Police Department, was on patrol with his partner on the north side of Houston. The Department had received a number of complaints from residents that individuals were selling narcotics in the area. One late morning, Officer Ledesma saw that the driver of a white van, later identified as Flores, failed to signal several turns as he drove in and out of the neighborhood. Officer Ledesma stopped Flores based on those traffic offenses. As Officer Ledesma informed Flores of the reason for the stop, he noticed that Flores appeared very nervous, moving back and forth toward the center console area. Officer Ledesma scanned the inside of the van, noticing a large amount of garbage scattered throughout. A small napkin on the dashboard caught his attention; it contained some flakes of crack cocaine. Officer Ledesma asked Flores what was lying on the dashboard, and Flores responded, "That is not mine. That is my buddy's." Officer Ledesma picked up the napkin

and called a narcotics officer to the scene. He arrested Flores for possession of narcotics and placed him in the back of the patrol car.

According to standard procedure, Officer Ledesma began to inventory the van's contents before having it impounded. He noticed that three screws were missing from the cup holder in the center console. That whole section of the console was loose, so Officer Ledesma removed it and found what appeared to be two rocks of a substance that field-tested positive for cocaine. When Officer Hernandez, the narcotics officer, arrived at the scene, Officer Ledesma turned over the napkin and the crack cocaine rocks to him.

At trial, Officer Hernandez's testimony centered on the chain of custody for the two rocks of crack cocaine seized from Flores's car as well as his field-testing results. He did not mention the napkin, and neither the State nor defense counsel attempted to elicit any testimony about it. The State relied on the bag containing crack cocaine that HPD submitted to its crime lab for purposes of proving the offense as charged at trial. The State explained to the court that the bag contents did not include the napkin.

At the charge conference, trial counsel requested an article 38.23(a) instruction informing the jury that it could disregard the cocaine found inside the center console of Flores's car because the officers lacked probable cause to arrest him. The trial court denied the request.

3

**Discussion**

Flores's appellate challenges all relate to the admissibility of the two crack cocaine rocks that Officer Ledesma found in the center console of Flores's car. First, he claims that trial counsel was ineffective because he did not present a written pretrial motion to suppress the evidence and did not object to the admission of the crack cocaine into evidence. Second, he claims that the trial court erred in failing to instruct the jury, pursuant to Article 38.23(a) of the Texas Code of Criminal Procedure, that it could disregard the evidence of crack cocaine if it found that Ledesma's testimony concerning the napkin containing cocaine flakes was not credible. We first examine the substantive law governing the admissibility of the challenged evidence, then review each claim in turn.

## I.  Search and Seizure

Flores invokes as the basis for his appellate challenges the fourth amendment of the United States Constitution, which guarantees the right of individuals to be "secure in their persons, houses, papers and effects against unreasonable searches and seizures." U.S. CONST. amend. IV. Flores does not challenge the lawfulness of the stop precipitated by his traffic offense. Thus, whether Officer Ledesma's inventory search and resulting seizure of the crack cocaine rocks violated Flores's fourth amendment rights depends on whether

4

Ledesma had probable cause to arrest Flores after finding the napkin sprinkled with what appeared to be crack cocaine flakes.

The State presented evidence at trial that, when Officer Ledesma conducted the traffic stop and approached Flores's car, he was in a position to see, in plain view, the napkin containing white flakes on the dashboard. Based on his experience and training, Officer Ledesma testified, he believed that the white flakes were crack cocaine.

Under the "plain view" doctrine, seizing contraband in plain view does not run afoul of the Fourth Amendment when: (1) law enforcement officials have a right to be where they are, and (2) it is immediately apparent that the item seized constitutes evidence, that is, there is probable cause to associate the item with criminal activity. *Walter v. State*, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000). A police officer's observation of a traffic violation establishes probable cause to stop a car and, thus, provides the officer with a lawful vantage point from which she can look through the windows of a car into its interior. *See Texas v. Brown*, 460 U.S. 730, 739–40, 103 S. Ct. 1535, 1542 (1983); *Walter*, 28 S.W.3d at 544. A police officer need not have actual knowledge that the item is contraband in assessing whether it is evidence of criminal activity, but he must have probable cause to connect the item with criminal activity. *Brown*, 460 U.S. at 741–42, 103 S. Ct. at 1543; *see Joseph v. State*, 807 S.W.2d 303, 308 (Tex. Crim. App. 1991). A police

officer may use his training and experience in determining whether an item in plain view is contraband. *Brown*, 460 U.S. at 746, 103 S. Ct. at 1545–46 (Powell, J., concurring) (citing *United States v. Cortez*, 449 U.S. 411, 418, 101 S. Ct. 690, 695 (1981)); *see Joseph*, 807 S.W.2d at 308. Here, no evidence indicates that Officer Ledesma did not have a right to stand at the vantage point from which he saw the crack cocaine flakes on the napkin on Flores's dashboard or suggests that he lacked the training and experience that entitled him to conclude that the substance on the napkin appeared to be crack cocaine.

Flores claims that the circumstances presented at trial undermine the credibility of Ledesma's testimony and raise a material fact dispute about whether Officer Ledesma actually saw a napkin sprinkled with flakes of crack cocaine on the dashboard. Flores postulates that it was unlikely a napkin with a few flakes on top would have remained stable on the dashboard while Flores drove his car for several blocks, at a speed of fifteen to twenty miles per hour, before Officer Ledesma stopped him—particularly if Flores had opened his driver's-side window. Flores also contends that the apparent effort to conceal the cocaine rocks in the console in conjunction with the absence of any effort to conceal the flakes on the napkin reveals an inconsistency that controverts the veracity of Ledesma's statements.

The record does not contain any evidence as to when the napkin was placed on the dashboard, whether the size or angle of the dashboard would have made it difficult for the napkin to remain stable, or whether the driver's-side window was open before the van came to a stop. Nor does the evidence explain whether the same person stashed the cocaine rocks and placed the napkin on the dashboard or whether it might be commonplace or unusual for an officer to find some contraband in plain sight and some hidden within the vehicle. Absent an affirmative basis in the evidence, questions about the validity of a search do not create a factual dispute. *Madden v. State*, 242 S.W.3d 504, 516 (Tex. Crim. App. 2007). The State need not have proved that the substance on the napkin actually was cocaine to prove that Flores's arrest, and the ensuing inventory search of the van were consistent with fourth amendment protections. *See Brown*, 460 U.S. at 741–42, 103 S. Ct. at 1543; *Joseph*, 807 S.W.2d at 308.

"'Probable cause' for a warrantless arrest exists if, at the moment the arrest is made, the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent man in believing that the person arrested had committed or was committing an offense." *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009) (citing *Beck v. Ohio*, 379 U.S. 89, 91, 85 S. Ct. 223 (1964)). "The test for probable cause is an objective one, unrelated to the subjective beliefs of the

arresting officer, and it requires a consideration of the totality of the circumstances facing the arresting officer." *Id.* (internal citations omitted). Here, Officer Ledesma's uncontroverted testimony that he saw what appeared to be cocaine flakes on a napkin on the dashboard when he approached Flores's care provides sufficient grounds for the belief that Flores was committing the offense of possession of cocaine.

Having examined the record for the evidentiary underpinnings of Flores's appellate claims, we consider their legal merit.

## II.    *Strickland* **claim**

Flores contends that his trial counsel rendered ineffective assistance by failing to file a written, pretrial motion to suppress the evidence of the crack cocaine rocks and by failing to object to their admissibility when proffered by the State. To prevail on his ineffective-assistance-of-counsel claim, Flores must show that (1) his counsel's performance was deficient and (2) a reasonable probability exists that the result of the proceeding would have been different if counsel had interposed those objections. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2065 (1984); *Andrews v. State*, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005). A defendant has the burden to establish both prongs by a preponderance of the evidence; failure to make either showing defeats his ineffectiveness claim. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App.

8

2002) (en banc). We apply a strong presumption that trial counsel was competent. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We presume trial counsel's actions were reasonably professional and motivated by sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc); *Johnson v. State*, 176 S.W.3d 74, 78 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). Furthermore, a claim of ineffective assistance must be firmly supported in the record. *Thompson*, 9 S.W.3d at 813. Where the record does not offer an explanation for trial counsel's actions, we must presume that counsel made all significant decisions in the exercise of reasonable professional judgment. *Jackson*, 877 S.W.2d at 771; *Broussard v. State*, 68 S.W.3d 197, 199 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (en banc).

When an ineffective assistance claim alleges that counsel was deficient in failing to move to suppress or to object to the admission of evidence, the defendant must show, as part of his claim, that the evidence was inadmissible and that the motion to suppress or the objection would have been granted. *Ortiz v. State*, 93 S.W.3d 79, 93 (Tex. Crim. App. 2002) (failure to move to suppress); *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (failure to object to evidence). We hold that the record does not support a successful challenge to the admissibility of the crack cocaine. *See Hollis v. State*, 219 S.W.3d 446, 456 (Tex. App.—Austin 2007, no pet.) (explaining that appellant raising *Strickland* claim based on lack of

motion to suppress must develop facts and details of search sufficient to conclude that search was unreasonable and, therefore, invalid); *see also Jackson*, 973 S.W.2d at 957 (noting that contention that there "may be questions about the validity of the search," without more, is not enough to support ineffective-assistance claim based on counsel's failure to move to suppress evidence). Because Flores cannot satisfy his evidentiary burden, his *Strickland* claim fails.

## III.   Denial of Article 38.23 Jury Instruction

Flores next contends that the trial court erred in refusing to submit an instruction under Article 38.23 of the Texas Code of Criminal Procedure that would empower the jury to disregard the crack cocaine evidence if it found that its seizure was not reasonable. We review jury charge error in a two-step process. *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). First, we determine whether error exists in the charge. *Id.* If it does, we then review the record to determine whether sufficient harm was caused by the error to require reversal of the conviction. *Id.* When, as in this case, the accused has properly objected to the error in the jury charge, reversal is required unless the error was harmless. *Id.* at 743; *see also Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (discussing harm analysis on issues of charge error).

Under article 38.23, the trial court must exclude any evidence that it finds, as a matter of law, was obtained in violation of the Constitution or the laws of the

United States or of the State of Texas. TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005); *Robinson v. State*, 377 S.W.3d 712, 719 (Tex. Crim. App. 2012). If the evidence raises a fact issue on the manner in which the State obtained the evidence, the defendant is entitled to an instruction directing the jury to disregard evidence if it resolves the factual dispute in the defendant's favor. *Hanks v. State*, 104 S.W.3d 695, 700 (Tex. App.—El Paso 2003), *aff'd*, 137 S.W.3d 668 (Tex. Crim. App. 2004).

A defendant's right to the submission of jury instructions under article 38.23(a) is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation. *Madden*, 242 S.W.3d at 509–10 (Tex. Crim. App. 2007). To obtain the instruction, a defendant must show: (1) the evidence raises an issue of fact that is affirmatively contested; and (2) the contested factual issue is material to the lawfulness of the challenged police conduct in obtaining the evidence. *Id.* We hold that the trial court did not err in denying Flores's request for an article 38.23 instruction, because Flores did not raise any controverting evidence necessary to create a fact issue for the jury to resolve with respect to Officer Ledesma's search and seizure of the cocaine. *See id.*

### Conclusion

We hold that Flores has not satisfied his burden to prove that he received ineffective assistance of counsel at trial. We further hold that the trial court did not

err in denying Flores's request for an article 38.23 instruction. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2.