Lincoln V. **HANKS**, Appellant,

v.

**The STATE of Texas.**

No. 769–03.

Court of Criminal Appeals of Texas, En Banc.

June 23, 2004.

Robert Udashen, Dallas, for Appellant.

Larissa T. Roeder, Asst. DA, Dallas, Matthew Paul, State's Atty., Austin, for State.

## OPINION

JOHNSON, J., delivered the opinion of the Court, in which MEYERS, KEASLER, HERVEY and COCHRAN, JJ, joined.

Appellant was accused of possession of cocaine with intent to deliver, enhanced by a prior felony conviction. After a jury found him guilty as charged, appellant plead true to the enhancement paragraph, and the trial court assessed punishment at imprisonment for a term of 20 years. The court of appeals affirmed the judgment of conviction and sentence. *Hanks v. State,* 104 S.W.3d 695 (Tex.App.-El Paso 2003).

Appellant was arrested during the course of a drug investigation that involved a confidential informant. Police observed appellant and the informant visit a known drug dealer and make what appeared to be a drug purchase. As police were preparing to stop appellant's car for a traffic violation, appellant pulled over of his own accord before police could stop the car. Officers quickly approached the car and arrested appellant. One officer testified that when he approached the car he saw appellant holding a clear bag that contained a white substance, later determined to be cocaine. Several blue baggies con-taining cocaine were retrieved from the driver's seat. A rock of cocaine and some drug paraphernalia were recovered from the car's trunk. Appellant testified at trial, denied possessing any cocaine, and suggested that the cocaine that was recovered from the car belonged to his passenger, the confidential informant.

Pursuant to TEX.CODE CRIM. PROC., art. 38.23(a), the jury charge instructed the jury that: 1) no evidence obtained in violation of the constitutional laws shall be admitted into evidence against the accused; 2) and if jurors believe or have a reasonable doubt that evidence was obtained in violation of such laws, then they shall disregard any such evidence.

After conviction and sentence, appellant asserted on appeal that the evidence was factually insufficient "to show that the cocaine and narcotics paraphernalia were lawfully seized" because the police officer "could not truly have seen Appellant in possession of cocaine" when he approached the car that appellant was driving. The court of appeals held that appellant is not entitled to a legal-sufficiency review because such an implied finding is not an element of the offense. The court went on to find that, for the same reason, appellant is not entitled to a factual-sufficiency review. *Hanks v. State,* 104 S.W.3d at 703. We granted review of a single ground for review, which challenges the court of appeals' conclusion that "a defendant is not entitled to a factual sufficiency review of a jury's implied rejection of his Article 38.23(a) issue."

Appellant asserts that the court of appeals' refusal to conduct the factual-sufficiency review of his Article 38.23(a) issue conflicts with the constitutional authority granted to the courts of appeals. He argues that the TEX. CONST., art. V, § 6, grant of conclusive jurisdiction on all questions of fact to the courts of appeals and

the legislative authorization of the courts of appeals to reverse a conviction "as well upon the law as upon the facts" authorize a factual-sufficiency review of the evidence of the Article 38.23(a) issue. He also cites our opinion in *Clewis v. State*, 922 S.W.2d 126, 129–31 (Tex.Crim.App.1996), for the principle that, in criminal cases, intermediate appellate courts are authorized to review disputed fact questions. He acknowledges that the question of whether the evidence was properly seized is not an element of the offense, but insists that it is a disputed fact issue that the jury was required to, and did, resolve.

We agree that TEX. CONST., art. V, § 6, provides that the decision of the courts of appeals "shall be conclusive on all questions of fact brought before them on appeal or error," and that TEX.CODE CRIM. PROC., art. 44.25, states that courts of appeals and the Court of Criminal Appeals may reverse judgment in a criminal action "as well upon the law as upon the facts." Nevertheless, appellant does not specify or delineate how our constitution's provision for courts of appeals' decisions to be factually conclusive and our legislature's authorization to reverse a conviction "as well upon the law as upon the facts" require appellate review of the factual sufficiency of every disputed fact issue.

■ We also agree that in *Clewis, supra,* 922 S.W.2d at 129, we stated that "courts of appeals are vested with the authority to review fact questions in criminal cases[.]" It is now well settled that courts of appeals are empowered to conduct a factual-sufficiency review of the evidence of the elements of the offense. *Clewis, supra; Zuniga v. State,* —— S.W.3d ——, 2004 WL 840786 (Tex.Crim.App. No. 539–02, delivered April 21, 2004) (discussing the standard for factual-sufficiency review). The *Clewis* court also reiterated the proper standard for a factual-sufficiency review when a defendant has asserted

an affirmative defense or has the burden of proof on an issue and established the proper standard of such review of the elements of the offense. *Id.* at 132, 134–36. However, nothing in *Clewis* mandates appellate review of the factual sufficiency of the evidence of all disputed fact issues.

The court of appeals cited *Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App. 1997), for the principle that a defendant is not entitled to a legal sufficiency review of the jury's implied finding on the Art. 38.23(a) issue. *Hanks,* 104 S.W.3d at 703. In *Malik,* the jury charge included an instruction that explicitly told the jury to acquit if it did not believe beyond a reasonable doubt that the officer had probable cause to stop Malik. It thus instructed the jury to base its judgment of the legal and factual sufficiency of the state's case on a single fact. The state objected to that portion of the charge.

■ We held that the legality of the defendant's detention is not an element of the offense charged, but relates merely to evidence admissibility. Any jury instruction concerning the legality of the defendant's detention should have been limited to the admissibility of the contested evidence; the legality of the defendant's detention should not have been used to decide whether the state's evidence was sufficient to prove the elements of the offense. *Malik,* 953 S.W.2d at 240. We did not speak to measuring the sufficiency of the evidence to prove the propriety of Malik's detention, nor did we express an opinion on the propriety of conducting a legal-sufficiency review of the evidence to support the implied finding on the Article 38.23(a) issue; we said merely that the admissibility of a particular piece of evidence cannot be used to determine sufficiency of the evidence introduced to prove the elements of the offense. *Id.*

■ Appellant urges that there must be a factual sufficiency review of the evidence to support the resolution of any disputed fact issue, including issues of the admissibility of evidence pursuant to Article 38.23(a). We are not, however, persuaded by appellant's arguments.

Appellant points out that the Waco Court of Appeals, in *Davy v. State*, 67 S.W.3d 382, 390 (Tex.App.-Waco 2001, no pet.), observed that implicit findings under Article 38.23 are akin to deadly-weapon findings by a jury, and that appellate courts frequently review the sufficiency of the evidence to sustain such findings.[1] While this is true, we note that a deadly-weapon finding can be an element of the offense.[2] Even if it is not, it is more akin to the elements of an offense than is the fact at issue here in that a deadly-weapon finding has a direct effect on the consequences of any conviction. While use of a deadly weapon may or may not be an element of the offense, it is an element of the punishment. TEX.CODE CRIM. PROC., art. 42.12(3)(g). Resolution by the factfinder of an Article 38.23(a) issue affects only the jury's consideration of evidence: Should this evidence be included in the body of evidence to be considered in determining guilt?

In *Caddell v. State*, 123 S.W.3d 722 (Tex. App.-Houston [14th Dist] 2003), the Fourteenth Court of Appeals directly addressed the issue before us, noting that sufficiency and admissibility are distinct issues.

"Sufficiency" relates to whether the *elements* of an offense have been logically established by all the evidence presented, both admissible and inadmissible. "Admissibility" relates to the fairness of introducing evidence and its logical relevance. Accordingly, legal and factual sufficiency issues must relate to the elements of offense. The issue of whether or not evidence was illegally obtained is not an element of the offense.

We recognize the decision to exclude evidence may hinge to some degree upon a factual finding. But to the extent that the trial court's decision rests upon a finding of fact, the ultimate issue is still the admissibility of evidence.

*Id.* at 722 (internal citations and footnotes deleted).

An instruction pursuant to Article 38.23(a) should be included in the charge only "if there is a factual dispute as to how the evidence was obtained." *Thomas v. State*, 723 S.W.2d 696, 707 (Tex.Crim.App. 1986). In a jury trial, the jury is the trier of fact, and we give great deference to its fact determinations and its decisions about the credibility of witnesses. Factual disputes almost always turn on witness credibility. We do not decide who or what the jury should have, in our view, believed; we consider only whether a reasonable jury could have reached that verdict. To acquiesce to appellant's argument would be to allow a reviewing court to substitute its own judgment for that of the jury on every fact issue, including all subsidiary issues, raised at trial, even those factual determinations that rest on the determination of witness credibility.

---

1. Appellant fails to note that the language that he cites from the plurality opinion in *Davy* with regard to a factual-sufficiency review of the Article 38.23 issue was the opinion of a single justice of the court. The second justice, believing that the court should not perform such a review, wrote a concurring opinion that pointedly disagreed with the holding of the lead opinion that the court of appeals was authorized to do so. *Davy, supra* at 396–97. The third justice wrote an opinion that concurred in the result but not the rationale of either the lead or concurring opinions. *Davy, supra* at 397–98.

2. See, e.g. TEX. PENAL CODE, §§ 21.02(a)(2)(aggravated assault) and 29.03(a)(2)(aggravated robbery).

We hold that factual-sufficiency review is appropriate only as to the sufficiency of the state's proof as to elements of the offense. Such a review is not appropriate as to the admissibility of evidence when such a question is submitted to the jury pursuant to Article 38.23(a).

We overrule appellant's ground for review and affirm the judgment of the court of appeals.

KELLER, P.J., concurred in the judgment.

WOMACK, J., filed a dissenting opinion, in which PRICE and HOLCOMB, JJ., joined.

WOMACK, J., dissenting, in which PRICE and HOLCOMB, JJ., join.

The court says (*ante,* at 670):

We agree that TEX. CONST., art. V, § 6, provides that the decision of the courts of appeals "shall be conclusive on all questions of fact brought before them on appeal or error," and that TEX.CODE CRIM. PROC., art 44.25, states that courts of appeals and the Court of Criminal Appeals may reverse judgment in a criminal action "as well upon the law as upon the facts." Nevertheless, appellant does not specify or delineate how our constitution's provision for courts of appeals' decisions to be factually conclusive and our legislature's authorization to reverse a conviction "as well upon the law as upon the facts" require appellate review of the factual sufficiency of every disputed fact issue.

I shall mention only briefly the danger that this passage may be read to resurrect the mistaken notion that the source of the court of appeals' authority to review facts is the sixth sentence of Article V, Section 6(a) ("Provided, that the decision of said courts shall be conclusive on all questions of fact brought before them on appeal or error"). The general grants of appellate jurisdiction to the courts of appeals in the fifth and seventh sentences of Section 6(a) give them their jurisdiction of issues of fact in criminal law cases. This court so held in *Clewis v. State,* 922 S.W.2d 126 (Tex.Cr.App.1996). The court was sharply divided on some issues in *Clewis,* but two of the dissenting judges expressly agreed with the majority on this point,[1] and I do not read the other two dissenting judges' opinion to disagree. The sixth sentence actually is a limitation of this court's power to review a decision of a court of appeals.

Why should this jurisdiction not extend to questions of fact that are submitted to the jury under Article 38.23(a)? The court does not say why. It says that "nothing in *Clewis* mandates it." *Ante,* at 670. That's true, but nothing in *Clewis* limits it.

The court says nothing in *Malik* speaks to it. That's true, but nothing in *Malik* limits it.

The court seems to accept the analysis of the Fourteenth Court of Appeals that the fact question under Article 38.23(a) goes to admissibility, not to an element of the offense. *Ante,* at 671. This is correct without doubt. But it does not help. The constitution and laws do not limit the courts' authority to facts that are relevant to elements of offenses. The authority goes to facts.

---

**1.** "As I understand the majority opinion, the general grant of appellate jurisdiction in [Sections 5 and 6] grants this Court and the courts of appeals the same power to review 'fact' questions in *direct* appeal criminal cases. And, I agree. Our prior cases misconstrued the 'factual conclusivity' clause in Article V, Section 6, by identifying it as the *source* of the courts of appeals' 'fact' jurisdiction. The majority presents compelling reasons to disavow our prior cases to the extent they suggest the 'factual conclusivity' clause is the source of the courts of appeals' 'fact' jurisdiction" *Clewis,* 922 S.W.2d, at 152 (McCormick, P.J., joined by Keller, J., dissenting) (citations and footnotes omitted).

The court says that it is "not persuaded by appellant's arguments" that the authority is not limited. *Ibid.* But the question should be, what persuades the court that there is a limitation when none appears in the constitution or any other law? The burden of persuasion should be on the party that is trying to limit a facially general grant.

Finally the court says, "To acquiesce to appellant's argument would be to allow a reviewing court to substitute its own judgment for that of the jury on every fact issue, including all subsidiary issues, raised at trial, even those factual determinations that rest on the determination of witness credibility." *Ante,* at 671. This is a good argument, but it proves too much, because it is equally applicable to factual issues of guilt. It provides no reason to distinguish issues of fact under the Code of Criminal Procedure from issues of fact under the Penal Code.

The court's reasons do not persuade me that there is any law that limits the appellate authority of the courts of appeals. I would vacate the judgment of the court of appeals and remand the case for it to use its authority determine the fact question that the appellant has raised.