# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00673-CR

**David Hodges, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, COUNTY COURT AT LAW NO. 4 NO. 671302, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In a trial before the court, David Hodges was convicted of assault and sentenced to 180 days' confinement. *See* Tex. Pen. Code Ann. § 22.01 (West Supp. 2006). In two issues, appellant contends that the evidence is legally insufficient to support his conviction and that the trial court violated his right to confrontation when it allowed the complainant to testify to portions of her out-of-court statement given to police after the alleged assault. Because the evidence was legally sufficient and the testimony was admissible and did not violate appellant's right to confrontation, we affirm the judgment of conviction.

The testimony at trial showed that Austin Police Officer Charles Edwards responded to a 911 hang-up call on the morning of June 6, 2005. When he arrived at a residence that appellant shared with the complainant, he went inside to speak with the complainant while another officer

spoke with appellant. Edwards observed fresh bruises on the complainant's body and photographed them. The photographs showing the bruises were admitted into evidence at trial.

The complainant testified that she and the appellant resided together at the time of the incident and that she is afraid of appellant. She testified that she was unable to recall what occurred on the day in question and that all she could recall was being on the floor. She also recalled speaking with the officers. She recounted filling out the assault victim statement, and she identified her handwriting on the statement. The trial court excluded the statement from evidence after an objection by defense counsel. The complainant testified that the details of the assault were still fresh in her mind when the police arrived and she completed the statement. She identified photographs of the bruises she sustained that night and testified that the photographs accurately depicted her injuries. She also testified that appellant caused the bruises. Appellant did not cross-examine the complainant or the officer. At the conclusion of the brief trial, the trial court reserved judgment to consider legal questions and then found appellant guilty of assault.

In his first issue, appellant contends that he was denied the opportunity to effectively cross-examine the complainant because her lack of recollection of the alleged assault and reliance on the assault victim statement essentially made her "unavailable." The State responds that the issue was not preserved for appeal, and that the admission of the complainant's testimony did not violate appellant's confrontation rights. In determining the constitutional issue presented, we review the trial court's ruling *de novo*. *See Wall v. State*, 184 S.W.3d 730, 742-43 (Tex. Crim. App. 2006).

The State urges that appellant did not preserve error because he failed to obtain a ruling on his objection to the use of the written statement and did not object to the trial court's

"refusal" to rule. But the record reflects the trial court sustained appellant's objection to the admission of the victim statement, and defense counsel repeatedly re-urged his objection to the State's use of the statement in refreshing the complainant's recollection. We conclude that appellant preserved this issue for review.

The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. Const. amend. VI. In *Crawford v. Washington*, the Supreme Court held that the Confrontation Clause bars the admission of "testimonial" hearsay unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. 541 U.S. 36, 68 (2004). "Testimonial" statements include at a minimum "prior testimony at a preliminary hearing, before a grand jury, or at a former trial" and "police interrogations." *Id*.

Because the parties do not assert otherwise, we will assume the complainant's prior statement was testimonial in nature. *See Davis v. Washington*, 126 S. Ct. 2266, 2273-74 (2006); *Wall*, 184 S.W.3d at 735 & n.11. In *Davis*, a similar statement was held to be "inherently testimonial." *Davis*, 126 S. Ct. at 2278. The Constitution does not permit the admission of a testimonial statement of a witness who does not appear at trial unless the witness is unavailable to testify and the defendant had a prior opportunity for cross-examination. *Crawford*, 541 U.S. at 59 n.6. It is the "trial *use* of, not the investigatory *collection* of, *ex parte* testimonial statements" that offends the Confrontation Clause. *Davis*, 126 S. Ct. at 2279.

When the declarant appears for cross-examination at trial, however, the Confrontation Clause does not place any constraints on the use of her prior testimonial statement. *Crawford*, 541 U.S. at 59. As the Supreme Court reasoned in *Crawford*:

> The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it. (The Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted. *See Tennessee v. Street*, 471 U.S. 409, 414 (1985)).

541 U.S. at 59 n.9; *see also California v. Green*, 399 U.S. 149, 162 (1970).

The complainant's statement does not appear in the record except to the extent she read excerpts from it, to which defense counsel objected. In each instance, the trial court sustained the objection. But the complainant was present at trial and testified. Her recollections and lack of recollections, as well as her credibility, were subject to cross-examination. Appellant had the opportunity to question the complainant about the statement she gave the police, the injuries she incurred, and the limitations of her memory, but he declined to cross-examine her. The Confrontation Clause does not constrain the use of complainant's prior statements because she appeared for cross-examination at trial. *See Crawford*, 541 U.S. at 59; *see also Carter v. State*, 150 S.W.3d 230, 241 n.13 (Tex. App.—Texarkana 2004, no pet.) (Confrontation Clause not violated because victim of felony assault on family member actually testified at trial). Therefore, there was no violation of the Confrontation Clause. We overrule appellant's first issue.

In his second issue, appellant urges that the admissible evidence introduced at trial is legally insufficient to support his conviction. He contends that the evidence did not connect the complainant's injuries to any act committed by appellant and there was no evidence that he caused

4

her to fall to the ground. In reviewing the legal sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005).

A person commits the offense of assault if the person intentionally, knowingly, or recklessly causes bodily injury to another. Tex. Pen. Code Ann. § 22.01. "Bodily injury" means physical pain, illness, or any impairment of physical condition. *Id*. § 1.07(a)(8) (West. Supp. 2006). The definition is broad and encompasses "even relatively minor physical contacts so long as they constitute more than mere offensive touching." *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989).

In her statement, the complainant had written that appellant grabbed her by the neck and threatened that he was going to get a gun and kill her family. In her testimony, she claimed not to remember the alleged assault. She recalled only that she and her children were home alone with the appellant at the time of the incident and that she ended up on the floor. The State introduced photographs showing the injuries and the complainant identified them as the injuries she sustained. She testified that appellant caused the bruises on her body. She also told the officer that she was in pain. Whether the complainant's lack of memory was due to fear or her injuries, the trial court was the trier of fact, and we give great deference to its fact determinations and its evaluations of the credibility of witnesses. *See Hanks v. State*, 137 S.W.3d 668, 671 (Tex. Crim. App. 2004). Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found that appellant caused the complainant's injuries. We overrule appellant's second issue.

Having overruled appellant's issues, we affirm the judgment of conviction.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed:   October 18, 2006

Do Not Publish