Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★  ★ ★ ★

**MEMORANDUM OPINION**

No. 04-09-00242-CR

Northington **BUTLER**, III,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-3980
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed: February 3, 2010

AFFIRMED

A jury found appellant Northington Butler, III guilty of possession of a controlled substance, four to two-hundred grams, and assessed punishment at thirty years' confinement. In his sole issue on appeal, appellant argues the evidence is factually insufficient to sustain his conviction. We affirm.

## BACKGROUND

On March 6, 2007, Detective William Garcia received information that a person in a white vehicle was in possession of narcotics. After receiving information on its approximate location, Detective Garcia located the vehicle and instructed two uniform officers to "get behind the vehicle and try to obtain some type of probable cause . . . ." Officer David Nouhan, one of the two patrol officers who initiated the stop, testified the vehicle had a "busted" tail light. Officer Nick Stromboe, the other patrol officer, similarly testified the vehicle had a "broken" tail light. Upon making the traffic stop, Officer Stromboe approached the driver—whom he identified as appellant—and told him, "Look, I pulled you over because you had a broken tail light . . . ." Officer Stromboe then added, "Narcotics is following you. They have information that you're holding cocaine, so that's what I'm stopping you for." Appellant admitted to the officer that he had cocaine in his rear waistband. Appellant then exited his vehicle; Stromboe handcuffed appellant's hands behind his back, read him his *Miranda* rights, and placed him in the back of the patrol car. The officers then drove both vehicles to a nearby church parking lot and met up with Detective Garcia. Detective Garcia spoke with appellant, and, while handcuffed and sitting in the back seat of the patrol car, appellant pulled from his waistband a bag containing what appeared to be cocaine. Brian Cho, a forensic scientist supervisor at the Bexar County Crime Lab, testified the bag contained approximately twenty-five grams of cocaine.

## FACTUAL SUFFICIENCY

In his sole issue on appeal, appellant argues the evidence presented at trial was factually insufficient to sustain his conviction for possession of a controlled substance. Specifically, appellant

argues the "lack of evidence to support the probable cause for the [traffic] stop should be considered within the framework of the Court's consideration of the factual sufficiency review as a whole." Additionally, appellant states "we are asked to believe that after Appellant admitted that he had narcotics on his person, he was handcuffed and placed in the patrol vehicle with the narcotics still on his person and left there until a detective arrive[d] and then [appellant] retreive[d] the narcotics while still handcuffed."

We review the factual sufficiency of the evidence under the appropriate standard of review. *See Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006) (factual sufficiency); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (same). The standard of review is the same in both direct and circumstantial evidence cases. *Kutzner v. State*, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999). The jury, as trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given to their testimony; therefore, reconciliation of any conflicts in the evidence is within the exclusive province of the jury. *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998).

At the outset, we note a factual sufficiency review "is not appropriate as to the admissibility of evidence when such a question is submitted to the jury pursuant to Article 38.23(a)." *See Hanks v. State*, 137 S.W.3d 668, 672 (Tex. Crim. App. 2004). Appellant requested and received an Article 38.23(a) instruction in the jury charge pertaining to the admissibility of the cocaine obtained by police after stopping appellant for a broken tail light. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005) ("the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, . . . the jury shall disregard any

such evidence so obtained"). Because appellant is not entitled to a factual sufficiency review of the probable cause to stop his vehicle, we limit our factual sufficiency review to the State's proof as to the elements of the offense. *See Hanks*, 137 S.W.3d at 672.

A person commits a second degree felony if he knowingly or intentionally possesses four to two-hundred grams of cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (Vernon 2003). Here, the evidence shows that on March 6, 2007, officers pulled over appellant's vehicle for having a broken tail light. When Officer Stromboe first talked to appellant, appellant admitted he had cocaine in his waistband. After appellant was placed under arrest and put in the back seat of the patrol car, Detective Garcia witnessed appellant produce a bag containing what appeared to be cocaine. Subsequent testing revealed the bag contained approximately twenty-five grams of cocaine. Although appellant cross-examined the State's witnesses, it was for the jury to determine the credibility of the witnesses and the weight to give their testimony and the evidence adduced. We conclude the evidence was factually sufficient to sustain the conviction for possession of a controlled substance.

## CONCLUSION

Because we overrule appellant's sole issue on appeal, we affirm the judgment of the trial court.

Sandee Bryan Marion, Justice

Do Not Publish