# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00764-CR

**Jose Luis Sosa, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. D-1-DC-11-205390, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following the denial of his motion to suppress evidence, a jury found appellant Jose Sosa guilty of possession of a controlled substance, a second-degree felony. *See* Tex. Health & Safety Code § 481.115(d). The trial court assessed punishment at five years' imprisonment, probated. In two issues, Sosa contends that the trial court should have granted his motion to suppress and that the evidence was not legally sufficient to support the jury's implied finding that probable cause existed for his arrest. We will affirm the trial court's judgment.

## BACKGROUND[1]

In October 2011, Sosa and his friend were involved in a disturbance on Sixth Street in downtown Austin. The two men allegedly touched the breasts of a young woman, and Sosa's friend allegedly struck the young woman in the face. When Officer Ronald Enriquez of the Austin

---

[1] The facts recited herein are taken from the testimony presented at trial.

Police Department tried to approach Sosa to question him about the disturbance, Sosa ran into a bar. Officer Enriquez pursued Sosa through the bar and caught up with him in an alley behind the bar. Officer Enriquez spoke with Sosa and observed what he believed to be signs of intoxication. After speaking with additional witnesses, Officer Enriquez placed Sosa under arrest for public intoxication. Officer Enriquez searched Sosa and discovered a plastic bag holding smaller plastic bags containing what was later determined to be cocaine. Sosa was then also placed under arrest for possession of a controlled substance.

Sosa was charged with possession of a controlled substance with intent to deliver in an amount of four grams or more but less than 200 grams. Sosa filed a motion to suppress, arguing that the cocaine was discovered in a search incident to an unlawful arrest because there was no probable cause to arrest him for public intoxication. The trial court denied the motion following a hearing.

Sosa later requested the submission of a jury instruction pursuant to Texas Code of Criminal Procedure article 38.23, and the trial court granted Sosa's request. *See* Tex. Code Crim. Proc. art. 38.23 ("In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article . . . the jury shall disregard any such evidence so obtained."). The jury found Sosa not guilty of possession of a controlled substance with intent to deliver but found him guilty of the lesser included offense of possession of a controlled substance. This appeal followed.

**STANDARD OF REVIEW**

In his first issue, Sosa contends that the trial court erred by denying his motion to suppress evidence because Officer Enriquez lacked probable cause to arrest him for public

2

intoxication. We review a trial court's ruling on a motion to suppress for abuse of discretion, using a bifurcated standard. *Goodwin v. State*, 376 S.W.3d 259, 266 (Tex. App.—Austin 2012, pet. ref'd). In doing so, we view the evidence in the light most favorable to the trial court's ruling. *Johnson v. State*, 414 S.W.3d 184, 192 (Tex. Crim. App. 2013). We give almost total deference to rulings on application of the law to questions of fact and to mixed questions of law and fact if resolution of those questions depends on an assessment of credibility and demeanor of witnesses. *Arguellez v. State*, 409 S.W.3d 657, 662 (Tex. Crim. App. 2013). We review de novo pure questions of law and mixed questions of law and fact that do not depend on evaluating credibility and demeanor. *Martinez v. State*, 348 S.W.3d 919, 923 (Tex. Crim. App. 2011). "The ultimate determination of whether probable cause exists is subject to *de novo* review on appeal." *Baldwin v. State*, 278 S.W.3d 367, 371 (Tex. Crim. App. 2009). We will affirm the trial court's ruling if the record reasonably supports it and it is correct on any theory of law applicable to the case. *State v. Duran*, 396 S.W.3d 563, 571 (Tex. Crim. App. 2013).

**DISCUSSION**

***Motion to suppress***

In his motion to suppress, Sosa argued that there was no probable cause to arrest him for public intoxication and, therefore, any drugs that were discovered during the search incident to arrest were inadmissible. *See* U.S. Const. amend. IV. Probable cause exists when the police have reasonably trustworthy information, considered as a whole, sufficient to warrant a reasonable person to believe that the person arrested has committed or is committing an offense. *Amador v. State*,

3

275 S.W.3d 872, 878 (Tex. Crim. App. 2009). "Probable cause deals with probabilities." *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). It "requires more than mere suspicion but far less evidence than that needed to support a conviction or even that needed to support a finding by a preponderance of the evidence." *Hughes v. State*, 24 S.W.3d 833, 838–39 (Tex. Crim. App. 2000). In other words, in order to overcome Sosa's motion to suppress, the State did not need to prove that Sosa was publicly intoxicated, only that probable cause existed to believe that he was. *See Texas Dep't of Pub. Safety v. McHugh*, No. 03-13-00261-CV, 2014 WL 5420407, at *4 (Tex. App.—Austin Oct. 24, 2014, no pet.) (mem. op.). A person commits the offense of public intoxication if the person "appears in a public place while intoxicated to the degree that the person may endanger the person or another." Tex. Penal Code § 49.02(a).

At the hearing on Sosa's motion, Officer Enriquez testified to the following facts. A staff member from a bar flagged Enriquez down and called his attention to a disturbance happening outside the bar. The staff member pointed Sosa out as someone involved in the disturbance, and Officer Enriquez saw Sosa arguing with a group of people. When Sosa saw the officer approaching, he turned and ran into the bar. Officer Enriquez followed Sosa through the bar and caught up to him in an alley. Sosa exhibited signs of intoxication, including "[i]mpaired speech, impaired balance, bloodshot and glassy eyes, [and] a strong odor of an alcoholic beverage." Sosa also admitted to being involved in the disturbance. In addition, Officer Enriquez spoke to the victim of the alleged assault, who confirmed that she was assaulted. Based on the totality of the circumstances, Officer Enriquez concluded that Sosa was a danger to himself or others and placed him under arrest for public intoxication.

4

Viewing the evidence in the light most favorable to the trial court's ruling and deferring to the trial court's evaluation of the credibility and demeanor of witnesses, we cannot conclude that the trial court abused its discretion by denying Sosa's motion to suppress. Officer Enriquez's own observations and the statements he received from witnesses constituted reasonably trustworthy information that Sosa was intoxicated and had just been involved in an assault. Although Officer Enriquez did not perform a field sobriety test or breathalyzer test, he testified that Sosa exhibited several signs of intoxication. *See Harris v. State*, 204 S.W.3d 19, 25 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) ("Evidence of intoxication may include (1) slurred speech, (2) bloodshot eyes, (3) the odor of alcohol on the person, (4) the odor of alcohol on the breath, (5) unsteady balance, or (6) a staggered gait."); *see also* Tex. Penal Code § 49.01(2)(A) ("'Intoxicated' means . . . not having the normal use of mental or physical faculties by reason of the introduction of alcohol . . . into the body . . . ."); *Brister v. State*, 414 S.W.3d 336, 341 (Tex. App.—Beaumont 2013), *aff'd*, 449 S.W.3d 490 (Tex. Crim. App. 2014) ("When based upon facts an experienced officer observes and then describes to the jury, an officer's opinion concerning a person's intoxication provides sufficient evidence of intoxication."). Based on this evidence, we conclude that Officer Enriquez had probable cause to arrest Sosa for public intoxication because the officer reasonably believed that Sosa was intoxicated in a public place and was a danger to himself or others. *See* Tex. Penal Code § 49.02(a) (listing elements of public intoxication).

Sosa points out what he perceives to be weaknesses in the State's evidence, including the fact that Officer Enriquez did not record the name of every witness that he spoke to, that a friend of Sosa's testified at the hearing that he had observed Sosa on the evening of the disturbance and

does not believe that Sosa was intoxicated, and that Sosa's ability to quickly maneuver through a crowded bar undercuts Officer Enriquez's determination that Sosa was intoxicated. However, these alleged defects do not indicate that Officer Enriquez lacked reasonably trustworthy information that Sosa had committed a crime. Moreover, all of these observations address the credibility or weight of the State's evidence, not its admissibility. At a hearing on a motion to suppress, the trial court is "the sole trier of fact and judge of the witnesses' credibility and the weight to be given their testimony." *Williams v. State*, 257 S.W.3d 426, 432 (Tex. App.—Austin 2008, no pet.). Therefore, the trial court could have found Officer Enriquez to be a credible witness and could have disregarded conflicting testimony.

Because we cannot conclude that the trial court abused its discretion by denying Sosa's motion to suppress, we overrule Sosa's first issue.

### *Legal sufficiency of the jury's implied finding*

In his second issue, Sosa argues that the evidence was not legally sufficient to support the jury's implied finding, pursuant to the article 38.23 instruction, that probable cause existed for his arrest. "When a contested fact issue regarding the legality of the state's procurement of the primary evidence of guilt is submitted to the jury, a guilty verdict indicates an implied finding that the procurement of the evidence was lawful." *Crain v. State*, No. 12-13-00110-CR, 2013 WL 6207835, at *1 (Tex. App.—Tyler Nov. 26, 2013, no pet.) (mem. op., not designated for publication).

However, "[t]he Texas Court of Criminal Appeals has recognized that evidentiary sufficiency and admissibility of evidence are distinct issues." *Price v. State*, No. 06-11-00120-CR, 2012 WL 112534, at *1 (Tex. App.—Texarkana Jan. 12, 2012, no pet.) (mem. op., not designated

6

for publication); *see Hanks v. State*, 137 S.W.3d 668, 671 (Tex. Crim. App. 2004) (noting that sufficiency and admissibility are distinct issues). "Accordingly, a sufficiency review is appropriate only as to the sufficiency of the State's proof as to elements of the offense," and "[t]he legality of appellant's detention is not an element of the offense charged, but relates to the admissibility of evidence." *Price*, 2012 WL 112534, at *1; *see Hanks*, 137 S.W.3d at 672 ("We hold that factual-sufficiency review is appropriate only as to the sufficiency of the state's proof as to elements of the offense. Such a review is not appropriate as to the admissibility of evidence when such a question is submitted to the jury pursuant to Article 38.23(a)."). Therefore, courts of appeals do not review the sufficiency of the evidence supporting the jury's implied finding that probable cause existed for the defendant's arrest. *See Churchill v. State*, No. 03-03-00746-CR, 2006 WL 305022, at *4 (Tex. App.—Austin Feb. 9, 2006, pet. ref'd) (mem. op., not designated for publication) ("[W]e may only conduct a factual-sufficiency review regarding the sufficiency of the State's proof of elements of the offense. We may not conduct a factual-sufficiency review of the admissibility of evidence when a question is submitted to the jury pursuant to article 38.23(a).") (citation omitted); *see also Crain*, 2013 WL 6207835, at *1 ("[A] legal sufficiency review is not an appropriate vehicle to review a jury's implied finding under article 38.23."); *Price*, 2012 WL 112534, at *1 ("[A]n evidentiary sufficiency review is not available for an Article 38.23 jury instruction."); *Gonzales v. State*, No. 13-09-00640-CR, 2011 WL 5843686, at *6 (Tex. App.—Corpus Christi Nov. 22, 2011, pet. ref'd) (mem. op., not designated for publication) ("An appellate court may not conduct a sufficiency review of a jury's determination under article 38.23; rather, a sufficiency review applies to whether sufficient evidence shows the elements of a criminal offense."); *Saylor v. State*, No. 05-09-01558-CR,

7

2011 WL 505453, at *1 (Tex. App.—Dallas Feb. 15, 2011, no pet.) (mem. op., not designated for publication) ("[A] jury instruction concerning the legality of appellant's detention should not be used to measure the sufficiency of the evidence.").

Accordingly, we overrule Sosa's second issue.

## CONCLUSION

Having overruled both of Sosa's issues, we affirm the judgment of conviction.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   August 18, 2015

Do Not Publish