PD-1233-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/19/2015 8:07:23 PM
Accepted 10/20/2015 4:50:50 PM
ABEL ACOSTA
CLERK

# No. PD-1233-15

**Court of Appeals No. 03-13-00764-CR**

_____

IN THE COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

_____

JOSE SOSA,
                        Petitioner

v.

THE STATE OF TEXAS

_____

On Appeal from the District Court
403rd District Court
of Travis County, Texas
Trial Cause No.  D1DC11205390

_____

**PETITION FOR DISCRETIONARY REVIEW**

_____

FILED IN
COURT OF CRIMINAL APPEALS

October 20, 2015

ABEL ACOSTA, CLERK

DAVID W. CRAWFORD
P.O. Box 686
Austin, Texas  78767
(512) 795-2000
FAX (512) 237-7792
dcrawford@crawfordcruz.com
Texas Bar No. 24031601
ATTORNEY FOR PETITIONER

# STATEMENT REGARDING ORAL ARGUMENT

Oral argument would not be helpful in this case, and Petitioner does not request it.

# TABLE OF CONTENTS

Page

Statement Regarding Oral Argument...................................................................ii

Table of Contents....................................................................................................iii

Names of Parties.......................................................................................................v

Index of Authorities..............................................................................................vii

Statement of the Case..............................................................................................1

Statement of Procedural History..........................................................................2

Grounds for Review.................................................................................................3

Reason for Review....................................................................................................3

Arguments and Authorities ...................................................................................4

        I. The Court of Appeals incorrectly
        determined that the trial court had not
        abused its discretion in denying the motion
        to suppress.

        II. The Court of Appeals incorrectly
        determined that there is no mandate for the
        appellate review of a jury determination of
        the admissibility of evidence that is subject
        to Texas Code of Criminal Procedure 38.23.

Conclusion and Prayer.............................................................................................9

Certificate of Service..............................................................................................10

Certificate of Service..............................................................................................11

Appendix.................................................................................................12

# NAMES OF ALL PARTIES

The following is a complete list of all names and addresses of all parties to the Trial Court's final judgment and the names and addresses of all trial counsel:

Appellant:    **Jose Sosa**

Appellate Counsel:  **David W. Crawford**
State Bar No. 24031601
Crawford & Cruz, PLLC
P.O. Box 686
Austin, Texas 78767
Telephone: (512)795-2000
E-fax: (512)237-7792

Trial Counsel:   **David W. Crawford**
State Bar No. 24031601
Crawford & Cruz, PLLC
P.O. Box 686
Austin, Texas 78767
Telephone: (512)795-2000
E-fax: (512)237-7792

Appellee:    **State of Texas**

Counsel:    **Rosemary Lehmberg**
Travis County District Attorney
P.O. Box 1748
Austin, Texas 78767
Telephone: (512)854-9400

       **Lisa A. McMinn**
Office of the State Prosecuting Attorney
P.O. Box 13046
Austin, Texas 78711-3046
Telephone: (512) 463-1660

Trial Court:          **The Honorable Brenda Kennedy**
                      403rd District Court
                      P.O. Box 1748
                      Austin, Texas 78767
                       Telephone (512)854-4885

# INDEX OF AUTHORITIES

| Cases | Page(s) |
|---|---|
| Brooks v. State, 323 S.W.3d 893 (Tex.Crim.App. 2010) | 7 |
| Clewis v. State, 922 S.W.2d 126 (Tex.Crim.App. 1996) | 7 |
| Hanks v. State, 137 S.W.3d 668 (Tex.Crim.App. 2004) | 7 |

**No. PD-1233-15**
**Court of Appeals No. 03-13-00764-CR**

_____

IN THE COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

_____

JOSE SOSA,

Petitioner

V.

STATE OF TEXAS,

_____

On Appeal from the District Court
403rd District Court
of Travis County, Texas
Trial Cause No. D1DC11205390

_____

**PETITION FOR DISCRETIONARY REVIEW**

_____

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

NOW COMES Petitioner-Appellant Jose Sosa ("Sosa") and respectfully submits this his petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

1

## STATEMENT OF THE CASE

This is an appeal of a denied motion to suppress evidence and the verdict of the jury at trial. The motion was argued in front of the trial court. The trial court denied the defendant's motion to suppress evidence. At trial, the jury found Sosa guilty of a lesser included charge after determining the admissibility of evidence against him.

## STATEMENT OF PROCEDURAL HISTORY

Sosa was accused of the offense of possession of a controlled substance with the intent to deliver. Sosa presented a motion to suppress evidence. The trial court heard evidence through testimony, and heard argument of the parties. The trial court denied the motion to suppress. Following the ruling on the motion to suppress, the case was heard by jury at trial. The jury was given an instruction under Texas Code of Criminal Procedure 38.23 to consider the admissibility of evidence. The jury found Sosa guilty of the lesser included offense of possession of a controlled substance, and implicitly ruled that the disputed evidence was admissible. Sosa appealed the case to the Third Court of Appeals in Austin. The Court of Appeals handed down its opinion affirming the district court on August 18, 2015. The opinion of the Court of Appeals is unpublished. A copy of the Court's opinion is attached hereto as Appendix A. No subsequent motion for rehearing was filed.

## GROUNDS FOR REVIEW

I. The Court of Appeals incorrectly determined that the trial court had not abused its discretion in denying the motion to suppress.

II.  The Court of Appeals incorrectly determined that there is no mandate for the appellate review of a jury determination of the admissibility of evidence that is subject to Texas Code of Criminal Procedure 38.23.

## REASON FOR REVIEW

**Facts of the case.**       An arrest was initially made for the offense of public intoxication on October 7, 2011.  During the search of the appellant following that arrest, an amount of a controlled substance, namely cocaine, was found on his person.  Appellant was subsequently arrested for possession of a controlled substance with the intent to deliver.  A pretrial hearing was held on the appellant's motion to suppress the evidence on the grounds that was not sufficient probable cause to sustain his arrest for public intoxication.  The trial court denied the motion to suppress, and the case was subsequently tried to a jury.  The jury was presented with a charge under Texas Code of Criminal Procedure 38.23 regarding the admissibility of the evidence against the appellant.  The jury found appellant guilty of the lesser included offense of possession of a controlled substance, and implicitly ruled that the arrest for public intoxication was valid.  The court of

3

appeals ruled that the trial court did not abuse its discretion in denying the motion to suppress and that it had no standing to review the jury's implicit finding under 38.23.

## ARGUMENT AND AUTHORITIES

I.      The Court of Appeals incorrectly determined that the trial court had not abused its discretion in denying the motion to suppress.

The Court of Appeals found that the trial court in this circumstance had not abused its discretion in finding that there existed probable cause for the initial arrest and detention of Sosa for the offense of public intoxication.  This initial detention led to the search of Sosa and the seizure of the controlled substance that was admitted as evidence in the trial against him.

The officer testified that the factors he relied upon to determine intoxication were that he could smell alcohol on Sosa's breath, that his eyes were bloodshot, that he had impaired balance, and impaired speech.  The officer was unable to provide an explanation for how Sosa was able to quickly run into the bar, wind his way through a crowded bar without running into anyone, but then immediately afterward display impaired balance outside the bar.  The officer did not recall how Sosa's speech was impaired.  The officer did not see Sosa drinking, nor did he note

4

that he ever admitted to consuming alcohol that evening. The officer did not perform any field sobriety tests or test Sosa's blood or breath to determine that he was intoxicated. The officer testified that there was nothing about Sosa's actions that he personally observed that would indicate he was a danger to himself or anyone else.

In addition, there was another witness who testified at the motion to suppress who provided testimony that contradicted much of the officer's testimony. Gerardo Perez was the doorman at the back of Shakespeare's Pub and he testified that he had two separate interactions with Sosa that evening, about 20 minutes apart. Mr. Perez had received TABC training, part of which is determining whether or not an individual is intoxicated. Mr. Perez testified that he had known Sosa for approximately a year, from seeing him come into the bar where he worked downtown. Mr. Perez testified that Sosa initially entered Shakespeare's Pub through the back entrance, and that he observed Sosa and that he was not intoxicated at that time. Mr. Perez then saw Sosa twenty minutes later, when he exited through the back entrance, and subsequently saw the officer detain Sosa. Mr. Perez testified that in his observation at that time, Sosa was not intoxicated. Mr. Perez testified that no one would be allowed to just run into the bar, as the officer indicated.

In light of all the facts given to the trial court and even in giving much deference to the trial court's ruling, the Court of Appeals erred in finding that the trial court did not abuse its discretion. The officer's own testimony by itself does not establish probable cause to arrest Sosa for public intoxication. The officer himself admits that nothing about Sosa's behavior that he observed indicated to him that the Appellant was a danger to himself or to anyone else. Sosa was not engaging in behaviors such as walking down the middle of the street that would obviously indicate a danger to himself or others. Taken in combination with the other testimony presented, it was unreasonable for the trial court to find probable cause in this case, and it was an error by the appellate court to not find that such a ruling was an abuse of discretion.

II. The Court of Appeals incorrectly determined that there is no mandate for the appellate review of a jury determination of the admissibility of evidence that is subject to Texas Code of Criminal Procedure 38.23.

The Court of Appeals found that Sosa's second point regarding the legal sufficiency of the evidence utilized by the jury in making an implicit ruling under Texas Code of Criminal Procedure 38.23 was not reviewable. This finding was

6

based on a number of unpublished opinions from a variety of Courts of Appeal in Texas. The Court of Appeals also relies on the ruling of this court in *Hanks v. State*, 137 S.W.3d 668 (Tex.Crim.App. 2004). In *Hanks*, this court ruled that review was not appropriate as to the admission of evidence when the question was submitted to the jury pursuant to 38.23(a). *Id.* at 672. In rendering its decision, this court followed the guidance of *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App. 1996).

However, this court should reevaluate its position in *Hanks*. This court has subsequently overruled *Clewis* and held that the standard put forth in *Jackson v. Virginia* would be the only standard a reviewing court should apply when determining the sufficiency of evidence. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex.Crim.App. 2010). The question of applying the *Jackson* standard to jury findings under 38.23 does not appear to be one decided by this court since then, and should be examined to determine if the logic of *Hanks* should still apply if the *Clewis* standard of review is not utilized.

In addition, Judge Womack's dissent in *Hanks* should bear reconsideration of this court. As Judge Womack points out, there is no authority to explain why the appellate courts' authority should be limited to the sufficiency of evidence on the elements of the case. There is no statutory or constitutional authority for the limitation of review to determining the sufficiency of evidence only on the

7

elements, and not also considering the sufficiency of the evidence heard by a jury in determining a question under 38.23. Moreover, under the current standard, there is no way to review a jury's decision under 38.23, which provides a total deference to the findings of the jury. While determinations made by the jury should have a great amount of deference, rendering these determinations unreviewable provides too much deference to the jury's decisions. The determination that a jury's decision under 38.23 cannot be reviewed by an appellate court runs against the protections afforded defendants by both the United States and the Texas constitutions and this court should provide a manner that, admittedly with great deference, such decisions could be reviewed by the appellate courts.

## PRAYER FOR RELIEF

For the foregoing reasons, Petitioner request that the petition and review be granted, and that upon review of the grounds of error the judgment of the Court of Appeals be reversed, and that the evidence in this case be suppressed or found not to be sufficient, or that the case be remanded to the appropriate court for a decision in accord with this court's ruling.

Respectfully submitted,

/s/ David W. Crawford
David W. Crawford
State Bar No. 24031601
Crawford and Cruz PLLC
P.O. Box 686
Austin, Texas  78767
Telephone (512) 795-2000
Telefacsimile (512) 237-7792
Email: dcrawford@crawfordcruz.com
Attorney for Appellant

**CERTIFICATE OF SERVICE**

I, David W. Crawford, do hereby certify that a true and correct copy of the foregoing instrument has been served on the following named attorney(s) in accordance with the Texas Rules of Appellate Procedure, by United States Mail, first class:

Rosemary Lehmberg, Travis County District Attorney
PO Box 1748
Austin TX 78767

and to:

State's Prosecuting Attorney
PO Box 12405
Austin TX 78711

on this the 19th day of October, 2015.

/s/ David W. Crawford
David W. Crawford

## Certificate of Compliance

As Attorney of Record for Appellant, I do hereby Certify by my signature that this brief contains 1,324 words, in accordance with Tex. Rules of Appellate Procedure 9.4(i).

Date: October 19, 2015

/s/ David W. Crawford
David W. Crawford
State Bar No. 24031601
Crawford and Cruz PLLC
P.O. Box 686
Austin, Texas 78767
Telephone (512) 795-2000
Telefacsimile (512) 237-7792
Email: dcrawford@crawfordcruz.com
Attorney for Appellant

# APPENDIX

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00764-CR

Jose Luis Sosa, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
NO. D-1-DC-11-205390, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following the denial of his motion to suppress evidence, a jury found appellant Jose Sosa guilty of possession of a controlled substance, a second-degree felony. *See* Tex. Health & Safety Code § 481.115(d). The trial court assessed punishment at five years' imprisonment, probated. In two issues, Sosa contends that the trial court should have granted his motion to suppress and that the evidence was not legally sufficient to support the jury's implied finding that probable cause existed for his arrest. We will affirm the trial court's judgment.

## BACKGROUND[1]

In October 2011, Sosa and his friend were involved in a disturbance on Sixth Street in downtown Austin. The two men allegedly touched the breasts of a young woman, and Sosa's friend allegedly struck the young woman in the face. When Officer Ronald Enriquez of the Austin

---

[1] The facts recited herein are taken from the testimony presented at trial.

Police Department tried to approach Sosa to question him about the disturbance, Sosa ran into a bar. Officer Enriquez pursued Sosa through the bar and caught up with him in an alley behind the bar. Officer Enriquez spoke with Sosa and observed what he believed to be signs of intoxication. After speaking with additional witnesses, Officer Enriquez placed Sosa under arrest for public intoxication. Officer Enriquez searched Sosa and discovered a plastic bag holding smaller plastic bags containing what was later determined to be cocaine. Sosa was then also placed under arrest for possession of a controlled substance.

Sosa was charged with possession of a controlled substance with intent to deliver in an amount of four grams or more but less than 200 grams. Sosa filed a motion to suppress, arguing that the cocaine was discovered in a search incident to an unlawful arrest because there was no probable cause to arrest him for public intoxication. The trial court denied the motion following a hearing.

Sosa later requested the submission of a jury instruction pursuant to Texas Code of Criminal Procedure article 38.23, and the trial court granted Sosa's request. *See* Tex. Code Crim. Proc. art. 38.23 ("In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article . . . the jury shall disregard any such evidence so obtained."). The jury found Sosa not guilty of possession of a controlled substance with intent to deliver but found him guilty of the lesser included offense of possession of a controlled substance. This appeal followed.

**STANDARD OF REVIEW**

In his first issue, Sosa contends that the trial court erred by denying his motion to suppress evidence because Officer Enriquez lacked probable cause to arrest him for public

2

intoxication. We review a trial court's ruling on a motion to suppress for abuse of discretion, using a bifurcated standard. *Goodwin v. State*, 376 S.W.3d 259, 266 (Tex. App.—Austin 2012, pet. ref'd). In doing so, we view the evidence in the light most favorable to the trial court's ruling. *Johnson v. State*, 414 S.W.3d 184, 192 (Tex. Crim. App. 2013). We give almost total deference to rulings on application of the law to questions of fact and to mixed questions of law and fact if resolution of those questions depends on an assessment of credibility and demeanor of witnesses. *Arguellez v. State*, 409 S.W.3d 657, 662 (Tex. Crim. App. 2013). We review de novo pure questions of law and mixed questions of law and fact that do not depend on evaluating credibility and demeanor. *Martinez v. State*, 348 S.W.3d 919, 923 (Tex. Crim. App. 2011). "The ultimate determination of whether probable cause exists is subject to *de novo* review on appeal." *Baldwin v. State*, 278 S.W.3d 367, 371 (Tex. Crim. App. 2009). We will affirm the trial court's ruling if the record reasonably supports it and it is correct on any theory of law applicable to the case. *State v. Duran*, 396 S.W.3d 563, 571 (Tex. Crim. App. 2013).

## DISCUSSION

### *Motion to suppress*

In his motion to suppress, Sosa argued that there was no probable cause to arrest him for public intoxication and, therefore, any drugs that were discovered during the search incident to arrest were inadmissible. *See* U.S. Const. amend. IV. Probable cause exists when the police have reasonably trustworthy information, considered as a whole, sufficient to warrant a reasonable person to believe that the person arrested has committed or is committing an offense. *Amador v. State*,

3

275 S.W.3d 872, 878 (Tex. Crim. App. 2009). "Probable cause deals with probabilities." *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). It "requires more than mere suspicion but far less evidence than that needed to support a conviction or even that needed to support a finding by a preponderance of the evidence." *Hughes v. State*, 24 S.W.3d 833, 838–39 (Tex. Crim. App. 2000). In other words, in order to overcome Sosa's motion to suppress, the State did not need to prove that Sosa was publicly intoxicated, only that probable cause existed to believe that he was. *See Texas Dep't of Pub. Safety v. McHugh*, No. 03-13-00261-CV, 2014 WL 5420407, at *4 (Tex. App.—Austin Oct. 24, 2014, no pet.) (mem. op.). A person commits the offense of public intoxication if the person "appears in a public place while intoxicated to the degree that the person may endanger the person or another." Tex. Penal Code § 49.02(a).

At the hearing on Sosa's motion, Officer Enriquez testified to the following facts. A staff member from a bar flagged Enriquez down and called his attention to a disturbance happening outside the bar. The staff member pointed Sosa out as someone involved in the disturbance, and Officer Enriquez saw Sosa arguing with a group of people. When Sosa saw the officer approaching, he turned and ran into the bar. Officer Enriquez followed Sosa through the bar and caught up to him in an alley. Sosa exhibited signs of intoxication, including "[i]mpaired speech, impaired balance, bloodshot and glassy eyes, [and] a strong odor of an alcoholic beverage." Sosa also admitted to being involved in the disturbance. In addition, Officer Enriquez spoke to the victim of the alleged assault, who confirmed that she was assaulted. Based on the totality of the circumstances, Officer Enriquez concluded that Sosa was a danger to himself or others and placed him under arrest for public intoxication.

4

Viewing the evidence in the light most favorable to the trial court's ruling and deferring to the trial court's evaluation of the credibility and demeanor of witnesses, we cannot conclude that the trial court abused its discretion by denying Sosa's motion to suppress. Officer Enriquez's own observations and the statements he received from witnesses constituted reasonably trustworthy information that Sosa was intoxicated and had just been involved in an assault. Although Officer Enriquez did not perform a field sobriety test or breathalyzer test, he testified that Sosa exhibited several signs of intoxication. *See Harris v. State*, 204 S.W.3d 19, 25 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) ("Evidence of intoxication may include (1) slurred speech, (2) bloodshot eyes, (3) the odor of alcohol on the person, (4) the odor of alcohol on the breath, (5) unsteady balance, or (6) a staggered gait."); *see also* Tex. Penal Code § 49.01(2)(A) ("'Intoxicated' means . . . not having the normal use of mental or physical faculties by reason of the introduction of alcohol . . . into the body . . . ."); *Brister v. State*, 414 S.W.3d 336, 341 (Tex. App.—Beaumont 2013), *aff'd*, 449 S.W.3d 490 (Tex. Crim. App. 2014) ("When based upon facts an experienced officer observes and then describes to the jury, an officer's opinion concerning a person's intoxication provides sufficient evidence of intoxication."). Based on this evidence, we conclude that Officer Enriquez had probable cause to arrest Sosa for public intoxication because the officer reasonably believed that Sosa was intoxicated in a public place and was a danger to himself or others. *See* Tex. Penal Code § 49.02(a) (listing elements of public intoxication).

Sosa points out what he perceives to be weaknesses in the State's evidence, including the fact that Officer Enriquez did not record the name of every witness that he spoke to, that a friend of Sosa's testified at the hearing that he had observed Sosa on the evening of the disturbance and

5

does not believe that Sosa was intoxicated, and that Sosa's ability to quickly maneuver through a crowded bar undercuts Officer Enriquez's determination that Sosa was intoxicated. However, these alleged defects do not indicate that Officer Enriquez lacked reasonably trustworthy information that Sosa had committed a crime. Moreover, all of these observations address the credibility or weight of the State's evidence, not its admissibility. At a hearing on a motion to suppress, the trial court is "the sole trier of fact and judge of the witnesses' credibility and the weight to be given their testimony." *Williams v. State*, 257 S.W.3d 426, 432 (Tex. App.—Austin 2008, no pet.). Therefore, the trial court could have found Officer Enriquez to be a credible witness and could have disregarded conflicting testimony.

Because we cannot conclude that the trial court abused its discretion by denying Sosa's motion to suppress, we overrule Sosa's first issue.

### *Legal sufficiency of the jury's implied finding*

In his second issue, Sosa argues that the evidence was not legally sufficient to support the jury's implied finding, pursuant to the article 38.23 instruction, that probable cause existed for his arrest. "When a contested fact issue regarding the legality of the state's procurement of the primary evidence of guilt is submitted to the jury, a guilty verdict indicates an implied finding that the procurement of the evidence was lawful." *Crain v. State*, No. 12-13-00110-CR, 2013 WL 6207835, at *1 (Tex. App.—Tyler Nov. 26, 2013, no pet.) (mem. op., not designated for publication).

However, "[t]he Texas Court of Criminal Appeals has recognized that evidentiary sufficiency and admissibility of evidence are distinct issues." *Price v. State*, No. 06-11-00120-CR, 2012 WL 112534, at *1 (Tex. App.—Texarkana Jan. 12, 2012, no pet.) (mem. op., not designated

6

for publication); *see Hanks v. State*, 137 S.W.3d 668, 671 (Tex. Crim. App. 2004) (noting that sufficiency and admissibility are distinct issues). "Accordingly, a sufficiency review is appropriate only as to the sufficiency of the State's proof as to elements of the offense," and "[t]he legality of appellant's detention is not an element of the offense charged, but relates to the admissibility of evidence." *Price*, 2012 WL 112534, at *1; *see Hanks*, 137 S.W.3d at 672 ("We hold that factual-sufficiency review is appropriate only as to the sufficiency of the state's proof as to elements of the offense. Such a review is not appropriate as to the admissibility of evidence when such a question is submitted to the jury pursuant to Article 38.23(a)."). Therefore, courts of appeals do not review the sufficiency of the evidence supporting the jury's implied finding that probable cause existed for the defendant's arrest. *See Churchill v. State*, No. 03-03-00746-CR, 2006 WL 305022, at *4 (Tex. App.—Austin Feb. 9, 2006, pet. ref'd) (mem. op., not designated for publication) ("[W]e may only conduct a factual-sufficiency review regarding the sufficiency of the State's proof of elements of the offense. We may not conduct a factual-sufficiency review of the admissibility of evidence when a question is submitted to the jury pursuant to article 38.23(a).") (citation omitted); *see also Crain*, 2013 WL 6207835, at *1 ("[A] legal sufficiency review is not an appropriate vehicle to review a jury's implied finding under article 38.23."); *Price*, 2012 WL 112534, at *1 ("[A]n evidentiary sufficiency review is not available for an Article 38.23 jury instruction."); *Gonzales v. State*, No. 13-09-00640-CR, 2011 WL 5843686, at *6 (Tex. App.—Corpus Christi Nov. 22, 2011, pet. ref'd) (mem. op., not designated for publication) ("An appellate court may not conduct a sufficiency review of a jury's determination under article 38.23; rather, a sufficiency review applies to whether sufficient evidence shows the elements of a criminal offense."); *Saylor v. State*, No. 05-09-01558-CR,

7

2011 WL 505453, at *1 (Tex. App.—Dallas Feb. 15, 2011, no pet.) (mem. op., not designated for publication) ("[A] jury instruction concerning the legality of appellant's detention should not be used to measure the sufficiency of the evidence.").

Accordingly, we overrule Sosa's second issue.

## CONCLUSION

Having overruled both of Sosa's issues, we affirm the judgment of conviction.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   August 18, 2015

Do Not Publish